COMMONWEALTH *vs.* KEVIN L. JOUBERT. No. 94-P-1439. April 13, 1995. *Practice, Criminal,* Probation, Revocation of probation, Continuance. *Due Process of Law,* Probation revocation. *Evidence,* Hearsay. *Indecent Assault and Battery.*

When the defendant admitted to sufficient facts to warrant findings of guilty on three complaints charging him with indecent assault and battery upon his four year old daughter, a District Court judge imposed concurrent two and one-half year sentences on the charges and then suspended the sentences for three years with probation. About nine months later, the defendant received a notice of surrender advising him that he had violated the conditions of his probation. After a hearing on allegations of an unlawful touching of a second daughter and an indecent assault and battery upon his wife's friend, the judge revoked the defendant's probation and imposed the previously suspended concurrent sentences. Although there was sufficient evidence to revoke the defendant's probation on the basis of the indecent assault and battery upon the adult, it appears from the judge's written decision that the revocation was also based upon the child's hearsay statement that her father had touched her vagina. Concluding that there is nothing in the record to show that the hearsay was substantially reliable, we reverse the order revoking the defendant's probation and remand the matter.

1. *The indecent assault and battery.* There are two arguments in respect to this claimed violation. First, the defendant argues that, as he received only four days' notice of this accusation, which the Commonwealth was allowed to make by amendment of the original complaint, his request for a continuance should have been granted. The morning of the scheduled revo-

---

cation hearing, defense counsel asked for a continuance so that he could have an opportunity to interview the witness on this matter and to conduct any investigation deemed necessary. The judge advised defense counsel that, as the hearing would not start until the afternoon, the interviews could be conducted that morning. When the case was reached for hearing, defense counsel acknowledged that he had interviewed the witness and renewed his motion for a continuance on grounds relating solely to the unlawful touching of the child. We see no abuse of discretion in the refusal to grant a continuance in respect to the instant claimed violation. See *Commonwealth* v. *Habarek*, 402 Mass. 105, 108 (1988); *Commonwealth* v. *Scott*, 19 Mass. App. Ct. 983, 985 (1985); *Commonwealth* v. *Pyne*, 35 Mass. App. Ct. 36, 39-40 (1993).

The defendant also argues that the revocation of his probation on the basis of uncharged criminal conduct offends art. 30 of the Declaration of Rights of the Massachusetts Constitution as well as concepts of due process. Although the wife's friend did not seek criminal complaints on account of the indecent assaults, she testified at the revocation hearing how the defendant, several times since being on probation and most recently in just the past month, had reached under her blouse and skirt to grab her breasts and buttocks. She did not report these incidents to anyone as she feared the loss of the wife's friendship. This testimony shows a clear violation by the defendant of G. L. c. 265, § 13H. It was one of the eight conditions of the defendant's probation that he "obey local, state or federal laws or court order." Section 8:02 of the Standards for Supervision for Probation Officers (1989) requires a probation officer to "initiate surrender proceedings" upon belief that an "offender has failed to comply with court-ordered conditions of probation." The right of the probation department to proceed with proof of the grounds for the surrender does not constitute a trespass upon powers reserved by art. 30 to another branch of government. See *Commonwealth* v. *Tate*, 34 Mass. App. Ct. 446, 447-448 (1993). The defendant's due process argument fares no better. See *Commonwealth* v. *Olsen*, 405 Mass. 491, 493-494 (1989), quoting from *Morrissey* v. *Brewer*, 408 U.S. 471, 483 (1972), and *Commonwealth* v. *Vincente*, 405 Mass. 278, 280 (1989).

2. *The unlawful touching.* In revoking the defendant's probation on the basis of this claimed violation, the judge found that the "defendant hurt his daughter by touching her private parts." This finding rests exclusively on the child's hearsay statement ("Daddy touched my peepee") to her aunt, the defendant's sister-in-law, made in response to the aunt's inquiries to her about the manner in which she was walking and whether the defendant had touched her. Although the judge relied on the hearsay, he did not make "any express determination that there was good cause for denying the defendant the right to confront a witness with personal knowledge. Nor did the judge make any determination whether the proffered hearsay

was reliable." *Commonwealth* v. *Durling*, 407 Mass. 108, 115 (1990). See also *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 (1994).

As there is nothing in the record to show the circumstances of the touching or when it occurred, there was no basis upon which the judge could have concluded that the statement was a reliable spontaneous utterance. Compare *Commonwealth* v. *Fuller*, 399 Mass. 678, 682-683 & n.8 (1987); *Commonwealth* v. *Brown*, 413 Mass. 693, 695-696 (1992); *Commonwealth* v. *Crawford*, 417 Mass. 358, 361-363 (1994); *Commonwealth* v. *Alvarado*, 36 Mass. App. Ct. 604, 606 (1994). Nor may the statement permissibly be admitted in evidence under G. L. c. 233, § 81, as inserted by St. 1990, c. 339. The judge made none of the requisite findings upon which that statute conditions the admissibility, in any criminal proceeding, of out-of-court statements "of a child under the age of ten describing an act of sexual conduct performed on or with the child . . . ." See *Commonwealth* v. *Colin C.*, 419 Mass. 54, 61-66 (1994).

Notwithstanding the inadmissibility of the statement under "standard evidentiary rules," *Commonwealth* v. *Durling*, 407 Mass. at 118, the hearsay could provide the basis for the revocation if shown to be substantially reliable. *Ibid.* The Commonwealth argues that reliability can be found in the fact that the child offered the information and did not simply adopt the substance of a question put to her (see, e.g., *Commonwealth* v. *Fuller*, 22 Mass. App. Ct. 152, 155 [1986], *S.C.*, 399 Mass. 678 [1987]) as well as from the inference that, because another of the defendant's daughters chose to tell the same aunt about her experience of abuse by the defendant, the present child felt comfortable in confiding in the aunt. Even assuming the inference to be a reasonable one, we do not think these circumstances of sufficient weight to be deemed *substantial* indicia of reliability. Cf. *Commonwealth* v. *Crawford*, 417 Mass. at 361-366; *Commonwealth* v. *Colin C.*, 419 Mass. at 65; *Commonwealth* v. *Trowbridge*, 419 Mass. 750, 755 (1995); G. L. c. 233, § 81(*c*)(i) and (iii).

Nor can the statement be deemed substantially reliable because corroborated by independently admitted evidence. Although the medical report from the child's physician did show that the child had a small bruise "in the perineal area lateral to her vulva and almost at the junction of her perineum and upper thigh" and that the child was reluctant, unlike in the past, to submit to an examination, the doctor did not "know of the significance of that one small area of bruising." Further, the doctor could not state whether the child's resistance to an examination was "because of an incident or because she has been hearing so much about the fact that she shouldn't allow people to touch her down there." Additionally, the letter from the therapist who was treating the defendant as a condition of his probation tells only that the defendant had made little progress in his therapy and that he "presents with the same external pressures and stresses, as well as the same interpersonal characteristics and patterns as existed when he molested" another daughter nine months earlier. Even assuming it per-

missible to consider these statements, but see and compare *Commonwealth v. Hudson*, 417 Mass. 536, 540-543 (1994), with *Commonwealth v. Colin C.*, 419 Mass. at 59-61, we see nothing in them that allows the conclusion that they sufficiently corroborated the child's hearsay statement to make her accusation substantially reliable. Compare *Commonwealth v. Durling*, 407 Mass. at 121. Finally, the testimony of the wife's friend provides no independent evidence of the claimed unlawful touching. That testimony was based entirely upon what the child told the aunt who, in turn, told the mother who, in turn, told the friend.

Our conclusion, that the hearsay was not shown to be sufficiently reliable to overcome the defendant's "interest in cross-examining the actual source," *Commonwealth v. Durling*, 407 Mass. at 118, makes it unnecessary for us to consider whether the defendant should have been granted a continuance of three to four days to await completion of the Department of Social Services's investigation of this claim which was reported pursuant to G. L. c. 119, § 51A, and which, ultimately, was found by an investigator to be "unsupported."

3. *Conclusion.* "The defendant's original offenses showed him to have . . . [engaged in criminal sexual behavior]. When such a man commits further infractions, even minor ones, he gives notice of a possible falling back into earlier patterns of behavior. He may need to be brought up sharp. Yet when charged with a particular infraction, he is entitled to be tried with appropriate safeguards." *Commonwealth v. Delaney*, 36 Mass. App. Ct. at 932. Although the judge could properly base his order of revocation upon the indecent assault upon the wife's friend, it is apparent from his findings that he also relied upon the unsubstantiated claim of an unlawful touching of the child in considering whether to "continue or revoke the suspension of the execution of . . . [the defendant's] sentence." G. L. c. 279, § 3, as amended through St. 1974, c. 300.

The order revoking the defendant's probation is reversed, and the case is remanded to the District Court where the hearing judge is to render a new decision on the claimed violations based solely upon the evidence apart from the hearsay statements. The previously unavailable report pursuant to G. L. c. 119, § 51B, is to be presented to the hearing judge for purposes of the decision in respect to the unlawful touching of the child.

*So ordered.*

*Geoffrey E. Spofford* for the defendant.
*William E. Loughlin*, Assistant District Attorney, for the Commonwealth.