COMMONWEALTH *vs.* RICARDO CALVO, JR. No. 95-P-229. July 31, 1996. *Practice, Criminal,* Revocation of probation. *Evidence,* Police report, Hearsay.

The defendant was on probation from several criminal convictions when he was alleged in a new criminal complaint to have committed assault and battery and malicious destruction of property by going to his wife's mother's

residence and beating the wife, who was visiting her mother, and destroying personal property. The defendant was surrendered for a violation of probation. The sole evidence against the defendant at the surrender proceeding was two police reports, one of which related events the night of the beating. On the back of that report was a statement, signed under penalties of perjury by the wife and the wife's mother (who was the owner of the premises involved), describing the defendant's entry and the subsequent beating. The wife appeared and, contrary to the statement on the back of the police report, denied any beating.

The defendant appeals from the order revoking his probation on the earlier convictions, arguing that the revocation solely on the basis of hearsay violated his right to confront his accusers, as enunciated in *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990). The mere filing of criminal charges against a probationer is not enough to show a violation of probation, *Commonwealth* v. *Maggio*, 414 Mass. 193, 197-199 (1993), because it does not give the probationer a realistic chance to confront his accusers and meet the evidence against him. In *Commonwealth* v. *Durling*, however, probation was held to have been validly revoked on the basis of two police reports which, although hearsay, were deemed "substantially reliable and sufficiently detailed both to dispense with the defendant's right to confront and to cross-examine the police officers and to warrant a finding that the defendant had violated his probation." *Commonwealth* v. *Maggio*, 414 Mass. at 196, citing *Commonwealth* v. *Durling* at 121-122. The police reports here are of that category.

The defendant misreads *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 (1994), to require a showing that the wife's mother was unavailable as a witness in order to be able to admit her sworn statement in evidence. We do not agree with this reading. The *Delaney* decision does not enlarge on *Commonwealth* v. *Durling*, which indicates (at 117) that at a probation revocation proceeding the opportunity for confrontation may be denied for "good cause," as when the witnesses to the violation are unavailable, or (at 118) where the hearsay evidence has substantial indicia of reliability. "In our view, a showing that the proffered evidence bears substantial indicia of reliability and is substantially trustworthy is a showing of good cause obviating the need for confrontation." *Ibid*. In *Delaney* there was a showing neither of the witness's unavailability nor that the hearsay statements were trustworthy. In this case the sworn statements by percipient witnesses to the violation of probation constituted reliable hearsay evidence on which the probation could be validly revoked.

There was no error, in our view, in the revocation of probation.

*Order revoking probation affirmed.*

*Stephen E. Meltzer* for the defendant.

*William E. Loughlin,* Assistant District Attorney, for the Commonwealth.