*Ellyn H. Lazar-Moore*, Assistant District Attorney, for the Commonwealth.
*Philip T. Soloperto* for the defendant.

COMMONWEALTH *vs.* TIMOTHY R. WILSON. No. 98-P-1104. September 14, 1999. *Due Process of Law*, Probation revocation. *Practice, Criminal*, Probation. *Evidence*, Hearsay, Police report.

After hearing testimony and receiving certain documentary evidence, a Superior Court judge revoked the defendant's probation and ordered that he serve the nine years remaining on concurrent sentences to MCI-Concord. The

judge "rule[d] that the police report and the letter from [the defendant] to [Michael] Sardelis, coupled with the testimony of Sardelis's attorney, create[d] substantially reliable and sufficiently detailed allegations." The defendant appeals from the order of revocation and the denial of his motion for relief from unlawful restraint. He claims that the police report was not "substantially trustworthy" or "demonstrably reliable." We agree.

It is well established that due process principles apply to probation revocation hearings. See *Commonwealth* v. *Durling*, 407 Mass. 108, 112-113 (1990). "[T]he right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)" is one of the minimum requirements of due process. *Id.* at 113. But due process is a flexible concept. *Ibid.* The use of reliable hearsay is permissible. *Id.* at 114. However, "when hearsay is offered as the only evidence of the alleged violation, the indicia of reliability must be substantial . . . because the probationer's interest in cross-examining the actual source (and hence testing its reliability) is greater when the hearsay is the only evidence offered." *Id.* at 118 (citation omitted).

In *Durling*, the Supreme Judicial Court concluded that detailed police reports from two different police officers based on their personal observations of Durling's impaired driving were sufficiently reliable. *Id.* at 120-122. The details in the reports contained indicia of reliability and the two reports tended to corroborate each other. There was good cause for failure to obtain the testimony of the police officers because they came from different towns, neither of which was in the county in which the hearing was held, and requiring police to travel around the State for probation revocation hearings would place a significant burden on local police departments. *Id.* at 117. Other cases concluding that hearsay was sufficiently reliable to support probation revocation include *Commonwealth* v. *Calvo*, 41 Mass. App. Ct. 903 (1996), in which we also concluded that two police reports based in part on the officer's observations and also including sworn affidavits of two witnesses were reliable hearsay, and *Commonwealth* v. *Mejias*, 44 Mass. App. Ct. 948 (1998), in which we again found two police reports concerning two different offenses sufficiently reliable, where in the first report the witness's statement was corroborated by the police officer's observations and the second police report was based on the officer's observation of the defendant smoking cocaine. That report was itself corroborated by a report of the defendant's girlfriend that she had also seen the defendant smoking cocaine. *Id.* at 949.

Here the police report was nothing more than an account of Sardelis's statement. There were no indicia of reliability — no observations of the police, no corroboration, no investigation. Such details as there were in the police report were entirely of Sardelis's making and even the police officer acknowledged on cross-examination that he had questions about the truthfulness of the statement. While it is true that the defendant's emotional letter to Sardelis confirmed a close relationship, at least on the defendant's part, it contains no confirmation of a sexual relationship and certainly nothing to confirm a sexual relationship when Sardelis was underage. See *Commonwealth* v. *Joubert*, 38 Mass. App. Ct. 943, 944-945 (1995) (child victim hearsay statement to aunt in response to question as to whether father had touched her not sufficiently reliable even where doctor had observed small area of bruising and father's therapist reported little progress in therapy). Moreover, Sardelis,

having been recently arrested for extorting the defendant, had every reason to retaliate by making accusations against the defendant, particularly since he was well aware of the defendant's prior convictions, as well as the incident with the police on the evening of September 2, and presumably the subsequent probation review as well. See *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 & n.4 (1994) (former wife's testimony that daughter reported father was present in mother's driveway insufficiently trustworthy where father's witnesses testified otherwise and former wife "no friend of [father's]"). Nor did Sardelis's lawyer's testimony generally confirming that his client had talked about alleged sexual abuse with the prosecutor elevate Sardelis's statement to anything more than uncorroborated hearsay. Indeed, on cross-examination, the lawyer acknowledged that he had not asked Sardelis about his allegations or "made any inquiry of any kind into the reliability of [his] . . client's statements." The necessity for reliable hearsay or the opportunity to cross-examine Sardelis was particularly important here because Sardelis testified at the hearing and answered certain questions but refused to answer others by invoking his "privilege to plead the Fifth Amendment." On direct examination, Sardelis refused to answer specific questions about his relationship with the defendant. He then refused to answer any of the questions defense counsel posed on cross-examination.

In view of our disposition of the defendant's appeal from the order revoking his probation we need not reach the merits of his appeal from the denial of his motion pursuant to Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979). The orders revoking the defendant's probation and denying his motion for release from unlawful restraint are vacated.

*So ordered.*

*Stephen M. CampoBasso* for the defendant.
*Harry D. Quick, III,* Assistant District Attorney, for the Commonwealth.