Commonwealth *v.* Podoprigora.

# COMMONWEALTH *VS.* OLEG PODOPRIGORA.

No. 98-P-117.

Norfolk. October 16, 1998. - October 22, 1999.

Present: ARMSTRONG, KASS, & FLANNERY, JJ.[1]

*Practice, Criminal,* Probation. *Evidence,* Hearsay. *Due Process of Law,* Probation revocation.

A hearsay statement of a child did not bear sufficient indicia of reliability and was not sufficiently corroborated to serve as a basis for the revocation of a defendant's probation. [137-139]

COMPLAINT received and sworn to in the Brookline Division of the District Court Department on August 13, 1996.

A proceeding for revocation of probation was heard by *Herbert N. Goodwin,* J.

*Lois J. Martin* for the defendant.

*Varsha Kukafka,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. The defendant appeals from the order revoking probation on his suspended sentence. He argues that his constitutional right to due process was violated because he was denied the ability to confront and cross-examine witnesses against him.

On January 15, 1997, the defendant was convicted of violating an abuse prevention order, based on his admission to sufficient facts. A thirty-month sentence was imposed, fifteen months to be served, with the balance suspended. Probation was conditioned on compliance with an abuse prevention order prohibiting him from contacting his ex-wife or their twelve year old daughter.

---

[1]This case was argued before Justices Armstrong, Kass, and Flannery. Following the death of Justice Flannery, Justice Porada was added to the panel and participated in this decision.

The notice of surrender alleged a violation of the abuse prevention order. At the hearing, the Commonwealth's evidence consisted of the testimony of Officer Donnelly, the police officer who investigated the complaint, and a sworn statement by the defendant's ex-wife.

Officer Donnelly testified that he interviewed the defendant's daughter in her mother's presence. According to Donnelly, the child told him that the defendant had telephoned the house that morning looking for her brother's telephone number. Donnelly also testified that the defendant, then in custody of the Immigration and Naturalization Service, had access to a telephone at the time of the alleged call.

The daughter did not testify in person, despite the defendant agreeing to her testifying to the District Court judge in chambers. The judge made a written finding that the hearsay statements were reliable, and that it would be painful for the daughter to appear in court.

In *Commonwealth* v. *Durling*, 407 Mass. 108, 118 (1990), the Supreme Judicial Court conditionally approved the use of hearsay evidence in a probation revocation hearing, declaring that "a showing that the proffered evidence bears substantial indicia of reliability and is substantially trustworthy is a showing of good cause obviating the need for confrontation." In two cases in recent years, this court has held that the statement of a child presented through the mouth of another was not sufficiently reliable to satisfy the *Durling* test. See *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 (1994); *Commonwealth* v. *Joubert*, 38 Mass. App. Ct. 943, 945-946 (1995). Other courts have reached the same result with respect to statements of a child presented by hearsay. See *Goforth* v. *State*, 27 Ark. App. 150 (1989). More broadly, courts have generally been reluctant to revoke probation based solely on uncorroborated hearsay presented in oral testimony. See *United States* v. *Bell*, 785 F.2d 640 (8th Cir. 1986) (testimony by probation officer regarding police investigation); *Anaya* v. *State*, 96 Nev. 119 (1980) (testimony relating the contents of a police report). Other evidence held unreliable has included the transcript of another defendant's testimony at two trials (*Brown* v. *State*, 317 Md. 417 [1989]), grand jury indictments (*Commonwealth* v. *Maggio*, 414 Mass. 193 [1993]), and police reports of events not personally observed (*Commonwealth* v. *Mejias*, 44 Mass. App. Ct. 948 [1998]).

The Commonwealth attempts to distinguish the instant case from *Joubert* and *Delaney*, arguing that sufficient indicia of reliability were provided by Officer Donnelly's description of the child's demeanor, the corroborative evidence that the defendant had access to a telephone, the sworn statement of the child's mother, and the absence of any suggestion that the phone call was invented.

These factors do not provide a sound basis for distinguishing the prior cases. The corroborative evidence that the defendant had access to a telephone fell well below the corroboration presented in *Joubert*, where a four year old's statement presented through hearsay, that her father unlawfully touched her, was corroborated by a medical examination which found bruising consistent with the statement. Similarly, in *Goforth* v. *State*, *supra*, the hearsay statement of a four year old boy that he had been molested was held not to be reliable, despite pornographic magazines being found where the child stated he had been shown them.

Officer Donnelly's testimony regarding the child's demeanor does not yield a sufficient indicium of reliability. Although Donnelly testified that the child was generally not reluctant to answer his questions, the entire interview took place in the presence of the child's mother, and the child was fidgety and, according to Donnelly, occasionally evasive. The over-all description of the child's demeanor cannot be said to have provided the requisite indicia of reliability.

The Commonwealth also relies on the sworn statement made by the child's mother. In *Commonwealth* v. *Calvo*, 41 Mass. App. Ct. 903, 904 (1996), we decided that sworn statements by witnesses with personal knowledge were substantially reliable for probation revocation purposes. In the instant case, however, the sworn statement was made by someone with no personal knowledge of the events in question. *Calvo* is not analogous.

The instant case is fundamentally different from the other Massachusetts decisions in which hearsay has been accepted as sufficiently reliable. In those cases, the hearsay was not an oral statement, but rather written police reports of events personally observed by the authors. See *Commonwealth* v. *Durling*, 407 Mass. at 118; *Commonwealth* v. *Mejias*, 44 Mass. App. Ct. at 949. Substantially reliable hearsay generally falls into the category of "conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Gagnon*

v. *Scarpelli*, 411 U.S. 778, 783 n.5 (1973). Examples of reliable hearsay from other jurisdictions include reports from police officers (*United States* v. *Bell*, 785 F.2d at 644); probation departments (*Prellwitz* v. *Berg*, 578 F.2d 190 [7th Cir. 1978]); hospitals (*United States* v. *Simmons*, 812 F.2d 561 [9th Cir. 1987]; *State* v. *Nelson*, 103 Wash. 2d 760 [1985]); laboratories (*United States* v. *Bell*, *supra*; *United States* v. *Penn*, 721 F.2d 762 [11th Cir. 1983]); and drug program directors (*Marshall* v. *Commonwealth*, 638 S.W.2d 288 [Ky. Ct. App. 1982]). Other examples of reliable hearsay include a recorded, unsworn interview where the interviewee was subsequently rendered incompetent to testify (*Egerstaffer* v. *Israel*, 726 F.2d 1231 [7th Cir. 1984]); unauthenticated copies of criminal records (*United States* v. *Miller*, 514 F.2d 41 [9th Cir. 1975]); and invoices signed by the probationer himself (*People* v. *Maki*, 39 Cal. 3d 707 [1985]).

The instant case is controlled by the cases holding that oral testimony based on uncorroborated hearsay is not sufficiently reliable for probation revocation purposes. We decide that the evidence here did not bear sufficient indicia of reliability to obviate the need for confrontation. The order revoking probation is accordingly reversed.

*So ordered.*