COMMONWEALTH *vs.* JEFFREY IVERS.

No. 01-P-604.

Suffolk. September 13, 2002. - November 14, 2002.

Present: RAPOZA, KASS, & MILLS, JJ.

*Practice, Criminal,* Probation. *Due Process of Law,* Probation revocation. *Evidence,* Hearsay.

In a probation revocation proceeding, certain hearsay evidence offered by a probation officer, that his supervisor "had not seen [the defendant] for quite some time," was inadequate to support the judge's decision to revoke the defendant's probation, where the supervisor's statement was too vague to support a deprivation of the defendant's liberty. [445-447]

A judge who relies only on hearsay to revoke probation must, conformably with rule 6(b) of the District Court Rules for Probation Violation Proceedings (2000), make some written explanation of why the judge considered that evidence substantially trustworthy. [447-448]

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on February 23, 1999.

A proceeding for revocation of probation was heard by *Timothy H. Gailey,* J.

*David L. Larsen* for the defendant.

KASS, J. Against the criteria for probation revocation discussed in *Commonwealth* v. *Durling,* 407 Mass. 108, 112-120 (1990), and further explicated in *Commonwealth* v. *Maggio,* 414 Mass. 193, 195-199 (1993), we consider the testimony offered by a probation officer in this case inadequate to support a decision to revoke probation.[1] In addition to the inherently insufficient nature of the evidence offered by the probation officer, the judge who presided at the revocation proceedings did not satisfy rule 6(b) of the District Court Rules for Probation Violation Proceed-

---

[1]The *Durling* and *Maggio* opinions evolved from two opinions of the United States Supreme Court, *Morrissey* v. *Brewer,* 408 U.S. 471 (1972), and *Gagnon* v. *Scarpelli,* 411 U.S. 778 (1973).

ings (2000). That rule requires a judge who relies wholly on hearsay to revoke probation to find in writing that the hearsay evidence was "substantially trustworthy and demonstrably reliable."

*Facts.* On October 28, 1999, the defendant Jeffrey Ivers admitted to sufficient facts in the Chelsea District Court on counts of receiving stolen property and larceny. The case was transferred to the East Boston District Court for disposition, and a judge of that court imposed concurrent sentences of two years in the house of correction, but those sentences were suspended, and the defendant was placed on probation, with level IV supervision by the Office of Community Correction. Ivers's probation was subsequently supervised by a probation officer attached to the East Boston District Court.

Probation revocation proceedings occurred on November 9, 2000, in the Chelsea District Court. Thomas J. Tassinari, a probation officer, testified that:

> "I received a call for a continuance in September from his probation officer, Marianne Kelley of the East Boston District Court saying that she had not seen Mr. Ivers for quite some time and that he had not complied with the terms of the [Office of Community] Corrections."[2]

The judge presiding in Chelsea District Court made a written finding that Ivers had failed "to report to probation as required." The judge also made a notation in handwriting on a printed form titled "Probation Violation: Finding and Dispositions," that his finding was based on "testimony of P[robation] O[fficer] Tassinari."[3]

1. *Sufficiency of the evidence to support a finding of failure to report.* Probation revocation proceedings are "not part of a criminal prosecution" and for that reason afford the probationer a lesser range of constitutional rights. *Commonwealth* v. *Durling,* 407 Mass. at 112. Among the accommodations to pragma-

---

[2]Tassinari also testified that Ivers had open criminal matters in the Charlestown, Woburn, and East Boston district courts, but the record shows that the judge rested his revocation decision solely on the failure of Ivers to report to his probation officer as required.

[3]That form is responsive to rule 7(c) of the District Court Rules for Probation Violation Proceedings.

tism in those proceedings is that a judge may act solely on the basis of hearsay in circumstances where obtaining primary evidence is difficult and the hearsay has substantial indicia of reliability. *Id.* at 121-122. *Commonwealth* v. *Maggio*, 414 Mass. at 196. *Commonwealth* v. *Janovich*, 55 Mass. App. Ct. 42, 44 (2002).[4] Shuttling probation and police officers who have direct knowledge about a particular probationer from court to court imposes scheduling difficulties that burden the judicial system. It is reasonable to assume that a probation officer on duty in Chelsea District Court can be reliably informed about circumstances of a violation of probation of which a supervising probation officer attached to the East Boston District Court has direct knowledge. For those reasons, it was a practical accommodation of reality and reliability to permit the Chelsea officer (Tassinari) to testify about what the East Boston officer had reported on the basis of direct knowledge.

Probation officer Tassinari testified to facts based entirely on information furnished to him by Ivers's supervising probation officer in East Boston. The deficiency of that testimony is less its hearsay nature than its vagueness. Among the baseline due process criteria for probation revocation proceedings set out in *Commonwealth* v. *Maggio, supra* at 197-198, is that the evidence presented by the Commonwealth must be such as to enable the judge to make "an independent finding, at least to a reasonable degree of certainty, that the defendant had violated a condition or conditions of his probation."

That the supervising probation officer in East Boston "had not seen Mr. Ivers for quite some time" does not support a finding, with a reasonable degree of certainty, that he has failed to report to his probation officer. We know from the record that Ivers was to participate at the highest level of scrutiny in programs

---

[4]For other cases in which hearsay was determined to be sufficiently reliable, see *Commonwealth* v. *Calvo*, 41 Mass. App. Ct. 903, 904 (1996); *Commonwealth* v. *Mejias*, 44 Mass. App. Ct. 948, 949 (1998); *Commonwealth* v. *Hill*, 52 Mass. App. Ct. 147, 153 (2001). For cases in which hearsay was determined not to be reliable, see *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 (1994); *Commonwealth* v. *Joubert*, 38 Mass. App. Ct. 943, 944-945 (1995); *Commonwealth* v. *Wilson*, 47 Mass. App. Ct. 924, 925-926 (1999); *Commonwealth* v. *Podoprigora*, 48 Mass. App. Ct. 136, 137-139 (1999).

set for him by the Office of Community Correction.[5] The record contains nothing, however, about the intervals at which Ivers was to report to his probation officer. That his probation officer had not seen Ivers "for quite some time" is as susceptible of the inference that she was relying on the Office of Community Correction to keep tabs on him as it is of the inference that Ivers had failed to show up with the probation officer on a scheduled report date or during a prescribed period. The statement attributed to the supervising officer is too vague, too offhand, to support a deprivation of liberty. See *Commonwealth* v. *Emmanuel E.*, 52 Mass. App. Ct. 451, 454 (2001).

2. *Failure to comply with rule 6(b)*. Although part 1 of this opinion is decisive of the appeal, we take the occasion to comment on another flaw in the revocation decision. Rule 6(b) of the District Court Rules for Probation Violation Proceedings, adopted December 2, 1999, and effective January 3, 2000, in its entirety reads as follows:

> "Where the sole evidence submitted to prove a violation of probation is hearsay, that evidence shall be sufficient only if the court finds in writing (1) that such evidence is substantially trustworthy and demonstrably reliable and (2), if the alleged violation is charged or uncharged criminal behavior, that the probation officer has good cause for proceeding without a witness with personal knowledge of the evidence presented."

This case implicates clause (1) of the rule. The closest the judge came to a writing about the trustworthiness and reliability was his notation that his findings were based on: "[t]estimony of P.O. Tassinari."

Commentary appended to the rule explains that it is based "almost exclusively" on the opinion in *Commonwealth* v. *Durling*. Drawing on that opinion and *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 n.4 (1994), the commentators offer five criteria for determining whether proffered hearsay is "substantially trustworthy" and (perhaps tautologi-

---

[5]Tassinari testified that Ivers had not complied with the Office of Community Correction program. His testimony offered no details about how Ivers failed to comply with that program. The judge did not make that noncompliance the basis of his revocation decision.

cally) "demonstrably reliable." The first of those criteria is that the out-of-court statement "is factually detailed, rather than generalized and conclusory." Tassinari's statement does not approach that standard. It speaks to no detail as to terms of probation, dates, and events that describe a failure by Ivers to report as required.[6]

We are not unmindful of the heavy traffic in district courts. For that reason, probation revocation proceedings are not miniature trials. *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972). Those proceedings may be conducted with a modicum of flexibility and informality. *Commonwealth* v. *Durling*, 407 Mass. at 113-114, and cases cited. Neither the cases to which we have referred, however, and still less the rules adopted by the District Court, contemplate wholesale abandonment of procedural and substantive standards. A judge who thinks it appropriate to rely only on hearsay in revocation proceedings must, conformably with rule 6(b), make some written explanation of why he considered that evidence substantially trustworthy. In terms of mental process, the judge should think about completing in writing a sentence that begins something like: "I have relied on hearsay evidence proffered by the Commonwealth because . . . [e.g., the information is sufficiently detailed so as to suggest personal knowledge by the source]."

The order revoking the probation of Ivers is vacated.

*So ordered.*

.

---

[6]The other four criteria in the commentary are: is the out-of-court statement based on personal knowledge and direct observation by the source; is the out-of-court statement corroborated by evidence submitted by the probationer; was the out-of-court statement provided under circumstances that support the veracity of the source (e.g., under the pains and penalties of perjury or subject to criminal penalties for providing false information); and was the out-of-court statement provided by a disinterested witness. The judge made no reference to any of those factors.