The defendant appeals from an order revoking his probation. He contends that the judge improperly considered unreliable hearsay. We affirm.
Background. In December, 2014, the defendant was charged with, among other things, driving under the influence of intoxicating liquor (OUI). In February, 2015, the defendant admitted to sufficient facts for a guilty finding on the OUI charge and the case was continued without a finding for two years. In September, 2015, while on probation, the defendant was charged with assault and battery on a family or household member (first assault and battery charge). This case was continued without a finding and the defendant's existing probationary period was extended.
In November, 2016, the defendant was charged with assault and battery by means of a dangerous weapon and assault and battery on a family or household member (second assault and battery charge), his girl friend, whom we shall call Claudia. At the defendant's surrender hearing, the judge, after listening to the testimony of three witnesses, found that the defendant had violated the terms of his probation. The judge revoked the defendant's continuances without a finding, entered guilty findings, and sentenced the defendant to two years in the house of correction on the OUI charge and eighteen months in the house of correction on the first assault and battery charge, to be served concurrently. The defendant filed a timely notice of appeal. While this appeal was pending, the defendant was tried before a jury and convicted on both counts of the second assault and battery charge, which had served as the underlying basis for the revocation of the defendant's probation.
Mootness. A probationer who has subsequently been convicted of, or who pleads guilty to, the crimes that formed the basis of his probation revocation, is prohibited from later arguing on appeal that the judge erred in factually determining that the probationer violated his probation. See Commonwealth v. Milot, 462 Mass. 197, 201 (2012). The defendant's claim that the judge based his determination on unreliable hearsay is therefore moot.
Merits. Even if this issue were not moot, the judge did not abuse his discretion in revoking the defendant's probation. See generally Commonwealth v. Bukin, 467 Mass. 516, 521 (2014). The defendant challenges the reliability of the child's 911 call, and Claudia's statements that were later recanted. Aside from the 911 call,[2] the judge credited Officer Hedderman's testimony that when he arrived at the scene he saw a wall smeared with blood, beer bottle glass strewn across the floor, and Claudia "screaming hysterically, crying, [and] holding her head, [with] blood all over[.]" She told the officer that the defendant hit her over the head with a beer bottle and bit her finger.
The judge acted within his discretion when he chose to credit the officer's report and discredit the subsequent recantation. See Commonwealth v. Patton, 458 Mass. 119, 131 (2010) ("It was a matter for the judge to decide how much weight to give the evidence of recantation"). We reject the defendant's argument that the judge failed to give sufficient reasons why he credited the officer's testimony over the recantation. The judge gave reasons on the record at the hearing, and issued a written order stating, "I do not credit the testimony of [Claudia,] which I find was self-serving to protect the defendant from legal trouble and incarceration." This statement was plainly sufficient. See id. at 136 ("[T]he judge satisfied the requirement under rule 6[b] [of the District Court Rules for Probation Violation Proceedings (2015) ] for written findings ... by creating a composite that consisted of the dictation into the record of her findings on the question of trustworthiness and reliability of the hearsay evidence, the transcription of those findings, and her notes on the probation violation finding and disposition form").
Order revoking probation and imposing sentence affirmed.
The defendant maintains that the officer's testimony regarding the child's 911 call was unreliable hearsay, and that Commonwealth v. Joubert, 38 Mass. App. Ct. 943, 945 (1995), bars consideration of the call. In Joubert, there was no corroboration of hearsay testimony at the surrender hearing concerning a child's statement. Here, however, the judge explicitly relied on the firsthand observations of the officer who arrived at the scene, saw the girl friend covered in blood, and heard her account of what happened, which mirrored what the child said in the 911 call. The corroboration missing in Joubert is present here. That said, the judge's ruling may be upheld here even in the absence of the 911 call.