Following a probation violation hearing in District Court, the defendant was found to be in violation of his probation for committing new criminal offenses, specifically, strangulation, assault and battery on a family/household member, and assault and battery by means of a dangerous weapon. In finding that a violation had occurred, the judge relied on a transcript of the testimony of the victim (also referred to as witness) from a related restraining order extension hearing. The defendant appeals from the order revoking his probation and committing him for the balance of his suspended sentence. We affirm.
Rule 7(b) of the District/Municipal Courts Rules for Probation Violation Proceedings (2015) allows a judge to rely, in whole or in part, on hearsay as evidence of a probation violation so long as it is found by the judge to be "substantially reliable." See Commonwealth v. Durling, 407 Mass. 108, 118-119 (1990). Here, the judge determined that the transcript of the victim's testimony was "substantially reliable," and found the defendant in violation of his probation. On appeal, the defendant does not challenge the reliability of the testimony, but only whether the failure to make a distinct finding of the witness's unavailability infringes on the defendant's right to confrontation under the United States Constitution or art. 12 of the Massachusetts Declaration of Rights. The defendant argues that because the witness was present in the court room during the probation violation hearing, the Commonwealth's failure to produce the victim for purposes of cross-examination deprived him of due process.[2] We disagree.
"Although a probationer is entitled to the due process rights established in Morrissey v. Brewer, 408 U.S. 471 (1972), and Gagnon v. Scarpelli, 411 U.S. 778 (1973), he need not receive the 'full panoply of constitutional protections applicable at a criminal trial.' " Commonwealth v. Bukin, 467 Mass. 516, 520 (2014), quoting from Durling, 407 Mass. at 112-113. Rather, for probation violation hearings, the Supreme Judicial Court has made it clear that "a showing that the proffered [hearsay] evidence bears substantial indicia of reliability and is substantially trustworthy is a showing of good cause obviating the need for confrontation." Durling, 407 Mass. at 118. The holding of Durling and its progeny makes clear that admissibility of hearsay testimony in a probation violation hearing depends solely on substantial reliability and there is no added requirement that the judge separately find the witness unavailable before allowing admission of her prior recorded testimony in evidence. See Commonwealth v. Calvo, 41 Mass. App. Ct. 903, 904 (1996). Where, as here, the judge did not abuse her discretion in determining that the hearsay evidence was substantially reliable, it was not necessary that she find the witness unavailable before relying on the hearsay for proof of the defendant's probation violation.
Order revoking probation affirmed.

The defendant asserts that the victim was "within the courtroom" during the probation violation hearing. Nothing in the record supports this statement; however, the victim was within the court room as recently as one hour prior to the start of the probation violation hearing. For the reasons stated in this memorandum and order, we need not address whether this made the witness present or available.