The defendant, Jeffrey A. Barca, admitted to sufficient facts to warrant a finding of guilt on one count of possession of marijuana with the intent to distribute, in violation of G. L. c. 94C, § 32C (a ), and one count of possession of cocaine with intent to distribute, in violation of G. L. c. 94C, § 32A (a ). On a separate docket, the defendant admitted to sufficient facts on two counts of assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B (b ), and one count of assault, in violation of G. L. c. 265, § 13A (a ). The judge continued the charges on both dockets without a finding, and placed the defendant on probation until July 24, 2018.
On April 12, 2018, following an evidentiary hearing, a judge of the District Court found that the defendant violated the terms of his probation by violating an abuse prevention order, committing larceny over $250, and assault and battery. The judge revoked the defendant's probation and sentenced him to two concurrent one-year suspended sentences in a house of correction. The defendant now appeals the judge's order revoking his probation, contending that the judge erroneously considered unreliable hearsay testimony. We affirm.
Standard of review. "The Commonwealth must prove a violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 520 (2014). The determination that a probation violation occurred "lies within the discretion of the hearing judge," who must "assess the weight of the evidence" against the defendant. Id. at 519, 521. Accordingly, we review an order revoking probation for an abuse of discretion. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 521. We determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the defendant] had violated the specified conditions of his probation." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).
Discussion. 1. Reliability of hearsay testimony. A probation revocation hearing does not involve "the full panoply of constitutional protections applicable at a criminal trial." Bukin, 467 Mass. at 520, quoting Commonwealth v. Durling, 407 Mass. 108, 112-113 (1990). Consequently, although a judge cannot rely exclusively on "[u]nsubstantiated and unreliable hearsay" as the "the entire basis of a probation revocation," id., the judge can revoke probation based on hearsay testimony with "substantial indicia of reliability." Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).
When evaluating the reliability of hearsay evidence, a judge may consider "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity." Id. A hearsay statement need not "satisfy all [of those] criteria to be trustworthy and reliable." Commonwealth v. Patton, 458 Mass. 119, 133 (2010). Nevertheless, a judge who "relies on hearsay evidence in finding a violation of probation ... should set forth in writing or on the record why [he or she] found the hearsay evidence to be reliable." Hartfield, 474 Mass. at 485.
Here, the defendant contends that the judge improperly revoked his probation solely based on the police officers' hearsay testimony.[2] The defendant maintains that the police officers' testimony was not substantially reliable because the testimony was based on the victim's reports rather than the officers' personal observations.
Significantly, the judge did not rely exclusively on the officers' hearsay testimony. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 484. The defendant testified during the revocation hearing, and conceded that on December 2, 2017, he took the victim's cell phone, and that his car "rolled forward about a foot" as the victim's body hung partially out of the vehicle while she struggled to retrieve her phone. Although the defendant's testimony was not identical to the victim's, the testimony still corroborated the victim's account of the events and "relate[d] to the specific criminal act[s] at issue," namely, assault and battery on a family or household member and larceny over $250. Commonwealth v. White, 475 Mass. 724, 739 (2016). See Patton, 458 Mass. at 134 ; Commonwealth v. Cates, 57 Mass. App. Ct. 759, 763 (2003). Additionally, the probation department introduced the victim's sworn restraining order affidavit, as well as screenshots of text messages between the defendant and the victim, which further supported the judge's conclusion.[3]
Moreover, the record supports the judge's explicit findings that the probation department presented substantially reliable hearsay evidence regarding the defendant's probation violations. See Hartfield, 474 Mass. at 484 ; Bukin, 467 Mass. at 520. As the judge found, the officers' testimony was factually detailed. See Durling, 407 Mass. at 121 (where "reports are factually detailed rather than general statements or conclusions, ... the factual detail is indicative of reliability"). A Revere police officer testified with specificity about the victim's report of the December 2, 2017 incident, describing how the defendant "demanded" that the victim exit her friend's vehicle and opened her door and "took her cellphone out of her hands" when she refused. The officer further testified that the defendant attempted to "physically remove" the victim from her friend's vehicle after the victim took the defendant's phone to prevent him from leaving the scene. Finally, the officer testified that when the victim entered the defendant's vehicle to retrieve her phone, the defendant "placed the vehicle into motion, partially dragging [the victim] who was still partially outside the vehicle." The victim also gave consistent accounts of this incident in her restraining order affidavit, and during her restraining order hearing, buttressing the judge's conclusion that the hearsay testimony was "internally consistent." See Patton, 458 Mass. at 135 (hearsay trustworthy and reliable where victim "repeated the detail[s] several times with consistency").
The record also substantiates the judge's finding that the hearsay testimony was provided under circumstances that support the veracity of the source. See Hartfield, 474 Mass. at 484. As the judge opined, the victim "gave a fairly detailed affidavit under the pains and penalties of perjury ... [and] testified to it under oath," in addition to telling "two police officers about it." See id.; Commonwealth v. Ivers, 56 Mass. App. Ct. 444, 448 n.6 (2002) (out-of-court statement "provided under pains and penalties of perjury" supports veracity of source). At the hearing, neither officer indicated that he doubted the victim's account of events. Compare Commonwealth v. Wilson, 47 Mass. App. Ct. 924, 925 (1999) (hearsay statements unreliable where police officer "had questions about the truthfulness of the statement"). The victim's emotional response to the defendant's alleged abuse also supported the reliability of the statements. Compare Commonwealth v. King, 71 Mass. App. Ct. 737, 741 (2008) (victim's "sarcastic" attitude toward responding officer and seeming lack of emotional response detracted from hearsay reliability).
2. Notice of probation violations. The defendant also claims that he did not receive sufficient notice of the basis of his probation violations. See Durling, 407 Mass. at 112-113. The defendant's second probation violation notice specifies that the Revere Police Department charged the defendant with assault and battery, larceny over $250, and violating an abuse prevention order. The judge specified orally and in writing that the defendant violated his probation by committing the offenses alleged in the criminal complaint filed by the Revere Police Department. Consequently, the defendant had notice of the basis of his probation violation. See id.
The defendant specifically contends that he did not have notice that the judge would consider his text messages to the victim during the revocation hearing. The Revere police officer who testified at the probation revocation hearing incorporated text messages between the victim and the defendant in the police report accompanying the defendant's criminal complaint for that incident. The defendant also conceded on cross-examination that he likely sent the victim several threatening messages, including one where he threatened to "come to [the victim's] location and drag [her] out." The judge was entitled to consider this "reliable evidence of misconduct not charged as a ground of probation violation" to the extent that it supported the victim's account of the events of December 2, 2017. Commonwealth v. Herrera, 52 Mass. App. Ct. 294, 295 (2001).
Conclusion. Given the defendant's notice of the basis of his probation violation, in addition to the substantial indicia of reliability in the officers' hearsay testimony, we find no abuse of discretion in the judge's determination that the defendant violated his probation. See Hartfield, 474 Mass. at 484. We therefore affirm the order revoking the defendant's probation.
So ordered.
Affirmed.

The defendant appears to assert that the Commonwealth lacked "good cause" for its decision not to call the girlfriend and her friend as witnesses regarding the December 2, 2017 incident. Pursuant to Bukin, 467 Mass. at 522, "a finding of substantial reliability is itself sufficient to demonstrate good cause" to proceed without live witnesses who have personal knowledge of the evidence. "[G]ood cause need not be separately proven." Id. at 522. We note that the judge may of course consider the absence of percipient witnesses in rendering a decision -- particularly where, as here, the percipient witnesses apparently were present in the court room but not called.

The defendant argues that the judge should only have relied on information that the probation department presented in its case-in-chief because his "mid-hearing request to revisit the Durling question should reasonably be understood as" a motion for a required finding of not guilty. Defendant's counsel did not make such a motion, and we decline to analyze it as such. See Mass. R. Crim. P. 25 (a), as amended, 420 Mass. 1502 (1995).