NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-615

COMMONWEALTH

vs.

JOWIE SANTIAGO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a District Court judge's order revoking his probation. On appeal, the defendant argues that the judge's finding that he had violated the terms and conditions of his probation was not supported by sufficient evidence. We agree and reverse.

Background. On January 29, 2021, the defendant pleaded guilty to malicious destruction of property, vandalizing property, violation of an abuse prevention order, and malicious damage to a motor vehicle. The plea judge imposed split sentences of two years in a house of correction with six months to serve and the balance suspended during an eighteen-month term of probation. On April 8, 2022, the defendant signed an order of probation conditions, which, among other things, required him to "[r]eport to [his] probation officer at such times and places

as he or she requires," and to complete an "Intimate Partner Abuse Education Program" (IPAEP).

On September 28, 2021, the defendant admitted to being in violation of his probation for failing to complete the IPAEP, and as a result, his probation was extended to March 29, 2023. The same day, the defendant reported to probation and signed a new order of conditions, which again required him to "[r]eport to [his] probation officer at such times and places as he or she requires," and to complete an IPAEP. On January 4, 2022, the District Court issued a notice of probation violation and hearing informing the defendant that he was in violation of the conditions of his probation because he (1) had failed to attend the IPAEP and (2) had not reported to his probation officer since September 28, 2021.[1]

At the probation violation hearing on March 3, 2022, the defendant's probation officer testified that the defendant "failed to report to [the treatment center] to complete the intake" for the IPAEP and failed to report to probation "[e]very two week[s] as he [was] directed by the standard of probation

---

[1] The notice also indicated that the defendant "[d]efaulted the court on 11/29/21," and "violated a criminal law." The defendant's probation officer did not pursue either of these theories at the defendant's probation violation hearing. At one point during the probation officer's testimony, he expressly acknowledged that probation was not alleging the defendant had committed any new offenses.

and the conditions of probation." The probation officer also stated that he was not present on September 28, 2021, when the defendant signed the new order of conditions, and that the defendant had met with "someone else" from the probation office on that day.

The hearing judge credited the probation officer's testimony, finding that it was substantially reliable because it was "based on personal knowledge and/or direct observation." The judge found that the defendant had violated his probation "both for failing to report to Probation since September 28, 2021, and also for failing to attend and complete the [IPAEP]," and imposed the balance of the defendant's suspended sentences: eighteen months in the house of correction.

Discussion. 1. Standard of review. "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge." Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014). The Commonwealth must prove a violation of probation by the preponderance of the evidence. Commonwealth v. Nunez, 446 Mass. 54, 59 (2006). We review an order revoking probation to determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the defendant] had violated the specified conditions of his probation." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).

3

2. IPAEP. The defendant first challenges the hearing judge's finding that he failed to attend and complete the IPAEP. He argues that the only evidence of this alleged violation was the probation officer's hearsay testimony that the defendant "failed to report to [the treatment center] to complete the intake" for the IPAEP, and that the hearing judge improperly relied on this testimony because it lacked the requisite indicia of reliability. The Commonwealth in fact concedes that there was insufficient evidence to find that the defendant violated his probation by failing to attend or complete the IPAEP. Nevertheless, "[t]he Commonwealth's 'admission of error' does not relieve us of our appellate function of determining whether error was committed" (citation omitted). Commonwealth v. McClary, 33 Mass. App. Ct. 678, 686 n.6 (1992).

Probation violation hearings are not subject to the strict rules of evidence. Commonwealth v. Durling, 407 Mass. 108, 112 (1990). Even so, "[u]nsubstantiated and unreliable hearsay cannot, consistent with due process, be the entire basis of a probation revocation." Id. at 118. "[W]hen hearsay is offered as the only evidence of the alleged violation, the indicia of reliability must be substantial." Id. A judge evaluating the reliability of hearsay evidence may consider, inter alia, "whether the evidence is based on personal knowledge or direct observation"; "the level of factual detail"; and "whether the

4

evidence is corroborated by information from other sources."
Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).  None of
these factors supports a finding of reliability for the hearsay
evidence at issue here.

The hearing judge's finding that the probation officer's
testimony was based on personal knowledge is unsupported by the
record.  The probation officer failed to provide any details as
to when or from whom he learned of the defendant's purported
failure to attend an intake for the IPAEP, and no other evidence
was presented to corroborate this allegation.  The probation
officer's testimony regarding the defendant's failure to attend
the IPAEP therefore lacked substantial indicia of reliability.
See Commonwealth v. Grant G., 96 Mass. App. Ct. 721, 726 (2019)
(hearsay lacked substantial indicia of reliability where "case
worker had no direct or indirect knowledge of any of the details
or circumstances of [probationer's] absence from the program");
Commonwealth v. Emmanuel E., 52 Mass. App. Ct. 451, 454 (2001)
(testimony "devoid of factual detail or corroborating personal
observations" insufficient to establish probation violation by
preponderance of evidence); Commonwealth v. Podoprigora, 48
Mass. App. Ct. 136, 139 (1999) ("oral testimony based on
uncorroborated hearsay is not sufficiently reliable for
probation revocation purposes").  For these reasons, there was

5

insufficient evidence that the defendant violated the conditions of his probation by failing to attend or complete the IPAEP.

3. Failure to report. The defendant next argues that there was insufficient evidence of the defendant's knowledge of any specific reporting intervals to support the hearing judge's finding that he failed to report to probation as required. Due process entitles probationers to clear guidance as to "when their actions or omissions will constitute a violation of their probation." Commonwealth v. Ruiz, 453 Mass. 474, 479 (2009), quoting Commonwealth v. Lally, 55 Mass. App. Ct. 601, 603 (2002). A defendant "cannot be found in violation of probationary conditions that might have been intended or would have made sense, only of those that are unambiguous and of which [they have] notice." Commonwealth v. King, 96 Mass. App. Ct. 703, 710 (2019). Thus, a finding a probationer is in violation of a specific condition is dependent on the Commonwealth proving the probationer had adequate notice of the condition. Commonwealth v. Bunting, 458 Mass. 569, 573 (2010). "[T]he interpretation of a probation condition and whether it affords a probationer fair warning of the conduct proscribed thereby are essentially matters of law." Commonwealth v. Hamilton, 95 Mass. App. Ct. 782, 785 (2019), quoting United States v. Gallo, 20 F.3d 7, 11 (1st Cir. 1994), and any "ambiguities in probation conditions are construed in favor of the defendant" (citation

6

omitted).  King, supra at 710-711.  A finding of adequate notice is of particular importance, where, as here, the alleged violation stems from conduct that is noncriminal.  See Ruiz, supra at 479 n.7.

Here, the only evidence concerning the intervals at which the defendant was required to meet with probation was the probation officer's testimony that the defendant failed to report to probation "[e]very two week[s] as he [was] directed by the standard of probation and the conditions of probation."  However, the probation officer did not offer any explanation or evidence to clarify his reference to the "standard of probation," and the "conditions" of the defendant's probation directed him only to meet with probation "at such times and places" as his probation officer required.  The absence of evidence that the defendant received adequate notice that he was required to report to probation every two weeks renders the finding that he violated the reporting requirement inconsistent with due process.  See Hamilton, 95 Mass. App. Ct. at 789 (evidence of failure to report insufficient where testimony did "not establish who . . . told the defendant that he had to report, or whether he was even told to report" on particular date); Commonwealth v. Ivers, 56 Mass. App. Ct. 444, 447 (2002) (vacating order revoking probation based on defendant's failure to report where "record contain[ed] nothing . . . about the

7

intervals at which [the defendant] was to report to his probation officer").  See also Commonwealth v. Maggio, 414 Mass. 193, 198 (1993) (due process requires evidence sufficient to support "an independent finding, at least to a reasonable degree of certainty," that defendant violated probation).  Cf. Commonwealth v. Grundman, 479 Mass. 204, 208 (2018) (judge's "general statement" that defendant's sentence would be "subject to the terms and conditions of the probation department" insufficient to provide actual notice of monitoring condition).

The Commonwealth's contention that the defendant had an implicit, affirmative duty to contact probation to inquire about his reporting requirements is unpersuasive.  Although "[c]onditions of probation do not have to be cast in letters six feet high, or to describe every possible permutation, or to spell out every last, self-evident detail," Gallo, 20 F.3d at 12, a reasonable person would not have understood that the requirement to meet with probation "at such time and places as his or her probation officer requires" obligated the defendant to take proactive steps to ascertain the times and places his probation officer wanted to meet with him.  See Commonwealth v. Medeiros, 95 Mass. App. Ct. 132, 137 (2019) ("the language of special probation conditions should be interpreted from the perspective of a reasonable person who understands the defendant's background").  See also Commonwealth v. Poirier, 458

8

Mass. 1014, 1015 (2010) (condition requiring monitoring on defendant's release did not impose "affirmative obligation" on defendant to notify probation of his release or ensure device available).  Indeed, the phrase "as required" implies that the responsibility for determining and communicating specific reporting requirements rested with the defendant's probation officer.  Because the defendant was not required to contact probation to determine when he was required to report, his purported failure to do so was not a violation of the conditions of his probation or evidence that he did not act in good faith.  Contrast Commonwealth v. Al Saud, 459 Mass. 221, 231 (2011) (defendant failed to make good faith effort to comply with condition requiring him to report to probation on release where he agreed to be deported immediately following release and did not "make any effort to contact [probation] and explain").

In essence, the Commonwealth suggests that it was the defendant's responsibility to ascertain what was required of him, and that if he failed to do so, he is at fault for his lack of knowledge.  This argument impermissibly shifts the burden of proof from the Commonwealth, to prove adequate notice and a willful violation, to the defendant, to demonstrate that he took all necessary steps to ensure he was aware of and in compliance with all that was required of him.  Cf. Commonwealth v. Nolin,

9

448 Mass. 207, 217 (2007) (shifting burden of proof to defendant violates due process rights).

In view of these principles, a finding that the defendant's probation conditions implicitly required him to ask probation about his reporting requirements would violate the defendant's due process by lessening the Commonwealth's burden of proof.[2]

Conclusion.  The order entered on March 3, 2022, finding that the defendant violated his probation and imposing the balance of his suspended sentences, is reversed.  As the defendant has fully served the balance of the sentences, a remand for further proceedings is unnecessary.[3]

So ordered.

By the Court (Milkey,
  Walsh, & Smyth, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  October 25, 2023.

---

[2] Assuming, arguendo, that the defendant was in fact required to ask probation about his reporting requirements, the record lacks a sufficient basis on which to infer that he failed to do so when he spoke with someone from the probation department and signed the order of conditions on September 28, 2021.

[3] In view of our decision, it is unnecessary to address the parties' arguments regarding the exhibits that were excluded from evidence.

[4] The panelists are listed in order of seniority.