COMMONWEALTH *vs.* DAVID ORTIZ. No. 02-P-621. May 19, 2003. *Practice, Criminal,* Probation, Revocation of probation, Hearsay. *Evidence,* Hearsay, Failure to produce witness.

The defendant, David Ortiz, pleaded guilty in August, 2001, to the crimes

of assault and battery and threatening to commit a crime, and he was sentenced to two years of probation. During that period of probation, he was charged with the crimes of assault and battery and malicious damage to a motor vehicle. After a hearing in the District Court, at which the only witness for the Commonwealth was a police officer who testified over hearsay objections, the defendant's probation was revoked and a house of correction sentence was imposed. On appeal, the defendant contends that the revocation was improper because good cause had not been shown or found for the Commonwealth's failure to present a witness with personal knowledge of a probation violation, and because the only evidence of the new offense was in the form of unreliable, unsubstantiated hearsay. We reverse.

*Background.* The Commonwealth put on its case solely through the testimony of the police officer who had been dispatched to investigate a report of domestic violence on the evening of December 20, 2001. The officer was permitted to testify, over objection, as to what the complainant told him upon his arrival. The officer was told, in substance, that the complainant had been driving earlier that day in Brockton when the defendant, her estranged husband, pulled his car in front of hers, forcing her to stop, then left his car and repeatedly hit hers with a baseball bat. The complainant also told the officer that, about a week earlier, on December 14, the defendant had been looking after their children in the complainant's home while she worked. Allegedly, the two had an argument when she came home, and the defendant hit her on the head with a picture frame. The officer testified that, at the time of the interview, he saw two large dents on the complainant's car but did not see any injuries on the complainant's person.

After the Commonwealth rested, the judge inquired as to the whereabouts of the complainant. The prosecutor indicated that she had been summonsed and wanted to testify but reported recently having received threats from two of the defendant's siblings. Expressing concern for the complainant's safety, the judge instructed that police be sent to the complainant's home and, in the meanwhile, heard the defense case. After the defense rested, the prosecutor informed the judge that the complainant, out of fear, would not appear that day; the judge instructed the prosecutor to tell the complainant that she must appear in court the following day (for reasons unclear from the record). Then, rejecting defense counsel's contention that the evidence was insufficient absent the complainant's testimony, the judge found the defendant in violation of the terms of his probation. The record does not disclose whether the complainant appeared in court the next day as instructed.

*Discussion.* The applicable legal principles in situations involving the use of hearsay evidence as exclusive proof of probation violations have been repeatedly articulated. See *Commonwealth* v. *Durling*, 407 Mass. 108, 114-120 (1990); *Commonwealth* v. *Maggio*, 414 Mass. 193, 195-198 (1993); *Commonwealth* v. *Wilson*, 47 Mass. App. Ct. 924, 925 (1999); *Commonwealth* v. *Emmanuel E.*, 52 Mass. App. Ct. 451, 453-455 (2001); *Commonwealth* v. *Ivers*, 56 Mass. App. Ct. 444, 447-448 (2002); *Commonwealth* v. *Cates*, 57 Mass. App. Ct. 759, 761-762 (2003). While hearsay evidence alone may serve as the sole basis for revoking probation, there must be good cause for the denial of confrontation rights; the hearsay evidence must be of a sort that evinces substantial indicia of reliability. Indeed, rule 6(b) of the District Court Rules for Probation Violation Proceedings, adopted December 2, 1999, and effective January 3, 2000, was adopted to deal with just such situations.

Although rule 6(b) was both in effect at the time of the subject hearing and clearly applicable to the situation, the judge made no findings either as to the trustworthiness and reliability of the officer's hearsay testimony or as to the existence of good cause for proceeding without the complainant. As to the latter, the record suggests that the judge did not consider the complainant's asserted fear of testifying until after the officer testified and the Commonwealth rested; accordingly, it appears to have had no bearing on the judge's decision to permit the officer to testify.

Putting to one side the absence of findings on the question of good cause, we are not persuaded on the record before us that the officer's hearsay testimony fell under any established exception to the hearsay rule or was otherwise shown to be substantially trustworthy or demonstrably reliable. The officer's testimony was nothing more than a repetition of what he had been told by the complainant. The only things that he could testify to having seen himself were the two dents on the car — the freshness of which he could not ascertain — and the absence of injury to the complainant. This added very little to the mix. As in *Commonwealth* v. *Emmanuel E., supra,* and *Commonwealth* v. *Wilson, supra,* and absent any findings by the judge that might suggest otherwise, we conclude the evidence was insufficiently trustworthy or reliable to constitute proof by a preponderance of the evidence that the defendant committed the charged crimes.[1]

The orders revoking the defendant's probation and committing him to the house of correction are vacated.

*So ordered.*

*Joshua R. Weinberger* for the defendant.
*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

---

[1]Although the hearing transcript reveals some discussion of the excited utterance doctrine in connection with the officer's testimony about the complainant's statements, the judge made no specific findings (subsidiary or ultimate) that would support the applicability of the doctrine here.