COMMONWEALTH *vs*. KEITH BYNOE.

No. 12-P-319.

Suffolk. February 7, 2013. - February 26, 2014.

Present: WOLOHOJIAN, HANLON, & AGNES, JJ.

*Practice, Criminal,* Probation, Revocation of probation, Sentence. *Due Process of Law,* Probation revocation. *District Court Rules for Probation Violation Proceedings.*

A criminal defendant was not entitled to a preliminary probation hearing when he appeared in Superior Court for the continuation of a probation revocation hearing and was placed in custody on a warrant issued by the District Court in relation to a separate criminal complaint in that court, where the alleged violation of probation was not the cause of the defendant's detention. [16-17]

There was no merit to a criminal defendant's claim that his rights were violated when he was not served in hand with a notice of his alleged probation violation, where, given that the defendant was represented by counsel and probation violation proceedings had already commenced, the service of an amended notice of violation on the defendant's counsel satisfied the requirements of due process and rule 4(b) of the District Court Rules for Probation Violation Proceedings. [17-18]

This court concluded that, in circumstances in which a sentencing judge does not establish a specific date by which a probationer must complete a treatment program ordered as a condition of probation, the defendant's obligation is to act with reasonable promptness to comply with the schedule established by his probation officer. [18-22]

A criminal defendant's challenge to his sentence imposed after the revocation of his probation lacked merit, where the sentence imposed was consistent with the recommendations made by the probation officer, and where the record reflected the judge's thoughtful consideration of information that was available to the judge who had initially sentenced the defendant as well as information that had become available since the initial conviction and disposition. [22-23]

INDICTMENTS found and returned in the Superior Court Department on December 18, 2008.

A proceeding for revocation of probation was heard by *D. Lloyd Macdonald,* J.

*Michael B. Roitman* for the defendant.

.

*Sarah H. Montgomery*, Assistant District Attorney (*Julie S. Higgins*, Assistant District Attorney, with her) for the Commonwealth.

AGNES, J. The defendant, Keith Bynoe, appeals from the revocation of his probation and imposition of a sentence of imprisonment to State prison. The principal issue he raises on appeal concerns the time within which a probationer must complete a treatment program, ordered as a condition of probation, when a date for completion is not otherwise specified. For the reasons that follow, we hold that in such a case the treatment program must be completed within a reasonably prompt period of time as determined initially by the probation department. As a result, we affirm.

*Background.* The defendant pleaded guilty in Superior Court in 2010 to five charges including kidnapping, assault by means of a dangerous weapon, negligent operation of a motor vehicle, assault and battery, and malicious destruction of property. The judge sentenced him to a State prison term of two years to two years and one day on the assault charge, to a concurrent three month house of correction incarceration on the negligent operation charge (deemed served), and to concurrent terms of probation for five years on the remaining charges, to be served from and after his release from incarceration. The defendant's terms of probation commenced in August, 2010, when he was released from State prison. Approximately four months later, on January 4, 2011, the defendant appeared before a magistrate in the Superior Court in response to a "Notice of Surrender and Hearing(s) For Alleged Violation(s) of Probation" (notice of violation). In open court and in the defendant's presence, the probation officer informed the magistrate that the defendant was in violation of the conditions of his probation because he had failed to report to probation every fourteen days, to pay the required probation service fee, and to enroll in a batterer's program. The probation officer added that "[i]f Mr. Bynoe gets himself back in line, we'll withdraw the surrender." The probation officer informed the magistrate that the defendant was scheduled to begin a batterer's program the following Thursday, and for that reason, the probation officer requested that the hearing be continued for sixty days until March 8, 2011. The magistrate agreed.

In February, 2011, the District Court issued a complaint and an arrest warrant charging the defendant with assault and battery by means of a dangerous weapon. On March 8, 2011, the defendant appeared, with counsel, in the Superior Court for the continuation of the probation hearing. The probation officer informed the magistrate that the defendant remained in violation of his probation for the same reasons that were brought to the magistrate's attention on January 4, 2011. The defendant was then held on the District Court warrant, and a $5,000 cash bail was imposed in the Superior Court probation case. The previous notice of violation was amended to include two additional violations: a positive urine screen for marijuana and the new District Court criminal charge. After several continuances, a final probation revocation hearing took place over several days in July, 2011. In the meantime, the defendant was arraigned on the District Court complaint and held on a high cash bail. A jury trial on that matter was scheduled for September 20, 2011.

At the probation revocation hearing in July, the defendant's probation officer testified that on May 10, 2011, he mailed and faxed copies of the amended notice of violation, the defendant's prior criminal record, the police report in the new case pending in the District Court, and the terms and conditions of the defendant's probation to the defendant's current attorney. He also testified that the condition of probation relating to a treatment program established at sentencing in 2009 was that the defendant "[e]nter and [c]omplete certified batterer['s] intervention." He added that he gave the defendant a list of certified batterer's programs throughout the State and that the defendant "was instructed to get enrolled [i]n one of those programs." Only after the defendant failed to respond did the probation department issue the notice of violation that was the subject of the initial hearing on January 4, 2011.[1] At the close of the hearing, defense counsel acknowledged that the defendant did not com-

[1]The defendant's probation officer also testified that following the defendant's 2009 change of plea in the Superior Court, he was instructed that he was required to report to the probation department every fourteen days. The defendant reported on December 2, 2010, but missed his next two appointments. After the defendant appeared before the Superior Court magistrate on January 4, 2011, he missed his next three probation appointments. He reported again on February 22, 2011, and then appeared in court on March 8, 2011, when he was taken into custody on the District Court warrant.

plete the batterer's program and argued that the failure was due to the demands of his work schedule.

With regard to the alleged probation violations, the judge dictated his findings and rulings on the record. He found that the Commonwealth had not sustained its burden of proving, by a preponderance of the evidence, the violation alleging a new criminal offense, but that the Commonwealth had sustained its burden on the remaining violations.[2] See *Commonwealth* v. *Wilcox*, 446 Mass. 61, 65-66 (2006). The judge took the matter of sentencing under advisement and held a hearing on the matter one week later, on August 4, 2011. The judge imposed a sentence of three to seven years in State prison on the kidnapping charge, deeming the sentence to have commenced on March 8, 2011, a two-year, concurrent sentence of incarceration in the house of correction on the assault and battery charge, and a "from and after" term of probation for three years on the malicious destruction of property charge, with the same terms of probation as previously imposed.

*Discussion.*[3] 1. *Preliminary probation detention hearing.* Contrary to the defendant's argument, he was not entitled to a pre-

---

[2] The judge found that the defendant signed the conditions of probation; that he received notice of the five alleged violations of probation; that he received notice of the reasons the probation officer alleged the defendant was in violation; and that he had a full opportunity to present evidence on his behalf and to cross-examine the witnesses. See *Commonwealth* v. *Kelsey*, 464 Mass. 315, 319-320 (2013). The judge also found that based on the preponderance of the evidence standard, the defendant violated four of the five conditions: he failed to enter and complete a batterer's program; he failed to report every fourteen days; he had a positive urine screen for marijuana; and he had not paid the required supervision fee.

[3] The defendant argues at several points that while these proceedings took place in the Superior Court, he was prejudiced as a result of the failure to follow the procedures set forth in the District Court Rules for Probation Violation Proceedings. See Mass. Ann. Laws Court Rules, District Court Rules for Probation Violation Proceedings, at 80 et seq. (LexisNexis 2013-2014). Those rules are "applicable only by analogy to proceedings in the Superior Court." *Commonwealth* v. *Al Saud*, 459 Mass. 221, 226 n.8 (2011). Moreover, as discussed *infra*, insofar as the rules embody the requirements of due process in probation violation proceedings, the proceedings in this case complied with the essential requirements of the current rules. The District Court has proposed amendments to make its probation violation rules conform to the case law issued since they were adopted in 2000, to clarify certain procedural requirements, and to eliminate ambiguities.

liminary probation detention hearing on March 8, 2011, when he voluntarily appeared in the Superior Court and was taken into custody. "The purpose of the preliminary detention hearing is to protect the rights of the . . . probationer who, being at liberty, is taken into custody for alleged violation of his . . . probation conditions, and detained pending a final revocation hearing." *Fay* v. *Commonwealth*, 379 Mass. 498, 504 (1980).[4] An examination of the relevant docket entries indicates that on March 8, 2011, the Superior Court magistrate placed the defendant in custody on the warrant issued by the District Court.[5] Thus, the alleged violation of probation was not the cause of the defendant's detention.[6] See *Commonwealth* v. *Odoari*, 397 Mass. 28, 33 n.5 (1986) ("[W]here a probationer is in custody awaiting prosecution on other charges he is not entitled to a preliminary hearing prior to final revocation of his probation").

2. *Written notice of violation.* Written notice of the alleged probation violation and disclosure in advance of the hearing of the basis for the violation are two of the essential requisites of due process in probation violation proceedings. See *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990); *Commonwealth* v. *Rosseau*, 464 Mass. 315, 320-322 (2013). The

---

[4] See Rule 8(a) of the District Court Rules for Probation Violation Proceedings, *supra* at 100 ("A preliminary probation violation hearing shall be conducted only when the Probation Department seeks to hold a probationer in custody on the basis of an alleged violation of probation pending the conduct of a full probation violation hearing. The issues to be determined at a preliminary probation violation hearing are whether probable cause exists to believe that the probationer has violated a condition of the probation order, and, if so, whether the probationer should be held in custody").

[5] This is not a case in which the judicial determination of probable cause in support of the issuance of a criminal complaint, see Mass.R.Crim.P. 3(g), as appearing in 442 Mass. 1505 (2004), was used as a substitute for a preliminary probation detention hearing in circumstances where the new criminal complaint is the sole basis for the probation violation. See *Commonwealth* v. *Morse*, 50 Mass. App. Ct. 582, 591 n.11 (2000). In this case, the defendant was detained in the Superior Court on the District Court warrant, and eventually transported to the District Court where he was arraigned and held on a cash bail until after the date of his final probation revocation hearing in the Superior Court.

[6] It is a common practice in cases such as this for defense counsel to request an order of bail on the probation violation case to establish a basis for arguing that the defendant should receive credit against any subsequent sentence of incarceration that might be imposed if the defendant's probation is revoked. See *Commonwealth* v. *Milton*, 427 Mass. 18, 24-25 (1998).

defendant does not maintain that he did not have actual, timely written notice of the alleged violations and the evidence relied upon by the Commonwealth. See *Commonwealth* v. *Brown*, 23 Mass. App. Ct. 612, 616 (1987). Instead, he contends that his rights were violated because he was not served in hand with the notice of violation. See Rule 4(b) of the District Court Rules for Probation Violation Proceedings, Mass. Ann. Laws Court Rules, at 88 (LexisNexis 2013-2014) ("The Notice of Probation Violation and Hearing shall be served on the probationer in hand or by first-class mail, unless the court orders otherwise"). The record indicates that on March 8, 2011, the probation officer filed with the Superior Court an amended notice of violation that included all of the allegations that were considered at the defendant's final revocation hearing, and served a copy on the defendant's attorney. Thereafter, on May 10, 2011, the defendant's probation officer mailed discovery, including a copy of the amended notice of violation, to the defendant's new attorney. When, as in this case, a probationer is represented by counsel and probation violation proceedings have commenced, service of an amended notice of violation on the probationer's attorney satisfies the requirements of due process as well as the requirements of rule 4(b) of the District Court Rules for Probation Violation Proceedings, *supra.*

3. *Time to complete certified batterer's program.* Due process entitles a probationer "to an opportunity to show not only that he did not violate the conditions [of probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." *Black* v. *Romano*, 471 U.S. 606, 612 (1985). In the present case, at the January 4, 2011, hearing before the Superior Court magistrate, the defendant was informed that he was in violation of his probation for failing to enroll in a certified batterer's program. This hearing took place approximately four months after his release from State prison. The defendant's probation officer also informed him at the hearing that he would be given sixty days to bring himself into compliance with this condition. According to the probation officer, the defendant was set to begin a batterer's program during the following week. The defendant was not taken into custody on the District Court warrant until March 8,

2011, two months after the initial probation surrender hearing. Thus, six months passed following the defendant's release from prison and his meeting with his probation officer during which time the defendant failed to enroll in and attend a certified batterer's program.

The premises of defendant's argument are correct. A probationer is entitled to "fair warning of conduct" that may lead to a revocation of probation, *Commonwealth* v. *Al Saud,* 459 Mass. 221, 232 (2011), quoting from *Commonwealth* v. *Ruiz,* 453 Mass. 474, 479 (2009), "clear guidelines" as to what actions on his part may result in a violation of probation, *Commonwealth* v. *Lally,* 55 Mass. App. Ct. 601, 603 (2002), and "a reliable, accurate evaluation" of whether there has been a violation of the conditions of probation. *Commonwealth* v. *Durling,* 407 Mass. at 116. However, the defendant's conclusion that a condition of probation requiring completion of a treatment program that does not specify a time by which it must be completed is impermissibly vague, does not follow from these premises, and is not an accurate statement of the law.

In *Commonwealth* v. *Power,* 420 Mass. 410, 421 (1995), quoting from *Grayned* v. *Rockford,* 408 U.S. 104, 110 (1972), the court explained that a condition of probation is not impermissibly vague so long as it "is adequately clear so as to inform the defendant of what conduct is prohibited. Of course, we are necessarily '[c]ondemned to the use of words [and thus] we can never expect mathematical certainty from our language.' " See *Commonwealth* v. *Kendrick,* 446 Mass. 72, 77 (2006) (probation condition that defendant have "no contact" with minors under sixteen years of age provided sufficient notice that he was prohibited from displaying his antique automobile at car show attended by minors). When a defendant is required to attend and complete an inpatient or outpatient treatment program, such as a certified batterer's program, it is customary for the probation officer to assist the defendant in promptly entering into the program. In this case, the defendant's probation officer met with the defendant after his release from State prison, gave him a list of certified batterer's programs throughout the State, and instructed him to enroll in one. When no specific date is established by the sentencing judge by which time a probationer

must complete a treatment program, the defendant's obligation is to act with reasonable promptness to comply with the schedule established by his probation officer.[7] "The courts run probation and its terms, those who receive the benefits of it do not." *White* v. *State*, 560 N.E.2d 45, 47 (Ind. 1990).[8]

The practice is that the probation officer, in consultation with the probationer, establishes the date by which time the probationer must be enrolled in or must have completed a required treatment program. If the defendant does not agree with the timetable established by his probation officer, the matter may be reviewed administratively, either by the chief probation officer or his designee, or in accordance with a procedure established by the Commissioner of Probation. If a satisfactory resolution is not achieved, the probationer may file a motion for a judicial review by the sentencing judge. See *Commonwealth* v. *McGovern*, 183 Mass. 238, 240 (1903) (nature of probation is not binding agreement between Commonwealth and defendant that once made cannot be changed). See also *Buckley* v. *Quincy Div. of the Dist. Ct. Dept.*, 395 Mass. 815, 817-818 (1985) (courts retain common-law authority to modify conditions of probation).[9]

---

[7] As the Florida Supreme Court has observed, "[A] probation order that requires the completion of a drug treatment program but fails to specify time parameters should be read in a commonsense manner. Accordingly, a probationer who has been given the privilege of being placed on probation, *in lieu of serving jail time*, is put on adequate notice that the treatment program should be undertaken at the beginning of the probationary period and that, if he or she is discharged for nonattendance, he or she may not have another chance to complete the program." *Lawson* v. *State*, 969 So. 2d 222, 235 (Fla. 2007). See *Adams* v. *State*, 979 So. 2d 921, 922 (Fla. 2008) ("We hold that, even where the probation order does not specify a deadline for completing a sex offender program or how many attempts the probationer has to complete it, where a defendant enrolls in but fails to complete a sex offender treatment program, a trial court may, in its discretion and depending on the circumstances, revoke the defendant's probation").

[8] "The judge was not required to include in his order the specific dates on which this [community] service was to be done any more than he would be required to specify when and where, with whom, and the particular kind of service. Those specifics are not 'conditions of probation' but are details in the implementation and execution of the order. The purpose of the office of Probation Officer is to assist in carrying out the conditions by finding a particular agency that has the ability and interest to provide the means of performing the service. The probation officer did so in this case." *White* v. *State*, 560 N.E.2d at 47.

[9] Compare *Commonwealth* v. *Goodwin*, 458 Mass. 11, 18 (2010), quoting

When the probation department establishes a timetable for the defendant to submit to an evaluation, testing, or to enroll in a treatment program, the burden is on the probationer to demonstrate that he is unable to comply with the timetable. See *Commonwealth* v. *Canadyan*, 458 Mass. 574, 578-579 (2010) (burden is on probationer to demonstrate that through no fault of his own he is unable to comply with condition of probation). See also *Commonwealth* v. *Al Saud*, 459 Mass. at 231 ("A defendant who does not even attempt to make a good faith effort to comply with the terms of his or her probation cannot complain later that compliance was impossible").

The defendant offers no support for his contention that when the sentencing judge does not include in the terms of probation a date by which a specific type of treatment program must be completed, the probationer has until the end of the probationary period to satisfy the requirement. Probation is designed principally to achieve the twin goals of rehabilitation of the offender and protection of the public. See *Commonwealth* v. *Pike*, 428 Mass. 393, 403 (1998). Defense counsel made reference to the defendant's work schedule as a reason for his failure to enroll in a certified batterer's program. Although employment is often a vital component of a probationer's rehabilitative program and may itself be a condition of probation, the law does not leave it to the probationer to decide when and how to comply with the terms of probation. It is the probation officer, after consultation with the probationer, who initially establishes a plan for how the probationer will comply with the conditions of probation, including the probationer's work schedule, if any, the date by which an evaluation or treatment program must be completed, the identity of the specific service provider, and the

from *Buckley* v. *Quincy Div. of the Dist. Ct. Dept.*, 395 Mass. at 818 n.5 ("A judge may add or modify a probation condition that will increase the scope of the original probation conditions only where there has been a 'material change in the probationer's circumstances since the time that the terms of probation were initially imposed,' and where the added or modified conditions are not so punitive as to significantly increase the severity of the original probation"). See *Commonwealth* v. *Delisle*, 440 Mass. 137, 145 (2003) (original condition of probation required defendant to participate in substance abuse counseling and therapy "as ordered by probation department"; judge was authorized to modify this to require defendant to attend specific certified batterer's program).

location and hours of attendance. This practice is not an unlawful delegation of authority to the probation officer but, instead, a practical method to ensure compliance with court orders.[10]

4. *Sentencing.* The defendant asks this court to review the sentence of not less than three nor more than seven years to State prison imposed after his probation was revoked on the kidnapping charge, along with a concurrent sentence to the house of correction on the assault and battery charge and a "from and after" sentence of probation on the malicious destruction charge. His arguments are unavailing.[11] It is important to keep in mind that while appellate courts "have the power and responsibility to correct unconstitutional or otherwise illegal sentences, we have no authority to review a sentence that is within the permissible range of sentences set by a statute for a

[10]See *United States* v. *Allen,* 312 F.3d 512, 515-516 (1st Cir. 2002) (no unlawful delegation of authority to probation officer where judge ordered mental health treatment as term of supervised release and probation officer merely determined when treatment obligation was fulfilled); *United States* v. *Stephens,* 424 F.3d 876, 882 (9th Cir. 2005) (no unlawful delegation when judge leaves it to probation officer to schedule drug tests or sessions of program); *United States* v. *Miller,* 341 Fed. Appx. 931, 933 (4th Cir. 2009) (distinguishing between unlawful sentences delegating to probation officer decision whether defendant must attend treatment program and lawful sentences delegating to probation officer responsibility to determine where and when specific condition of probation should be completed); *People* v. *Penoli,* 46 Cal. App. 4th 298, 308 (1996) ("The trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability. The specified program may decline to accept the defendant, for instance, or may be unable to do so for reasons as mundane as lack of space"). Contrast *Commonwealth* v. *Lally,* 55 Mass. App. Ct. at 603 (noting that probation condition ordering "treatment as deemed necessary" was ambiguous and new requirement that defendant undergo random urine screens added by probation officer was not valid).

[11]For the first time on appeal, the defendant complains that the judge who conducted the probation violation hearing, revoked his probation, and imposed the sentences was not the original sentencing judge. While we have noted "it is desirable that probation revocation hearings be heard by the judge who placed the defendant on probation in the first instance," *Commonwealth* v. *Christian,* 46 Mass. App. Ct. 477, 482 n.5, *S.C.,* 429 Mass. 1022 (1999), there is no hard and fast rule, and there are circumstances that may make this practice infeasible. The record indicates that the judge who conducted the probation violation hearing was assigned to the case in the ordinary course of events by the judge sitting in the criminal assignment session, who had already denied the defendant's motion to continue the matter.

given offense and is otherwise lawful." *Commonwealth* v. *Barros*, 460 Mass. 1015, 1016 (2011) (citation omitted). The sentence imposed was consistent with the recommendation made by the probation officer, who had attempted without success to supervise the defendant since 2010. The record reflects the judge's thoughtful consideration of "information that was available to the first judge as well as information that has become available since the initial conviction and disposition." *Commonwealth* v. *Doucette*, 81 Mass. App. Ct. 740, 745 (2012). The record does not support the defendant's assertion that he was punished a second time for his 2009 convictions.[12]

*Order revoking probation affirmed.*

---

[12]The defendant's remaining arguments do not require extended discussion because they are raised for the first time on appeal. See *Commonwealth* v. *Morse*, 50 Mass. App. Ct. at 589 ("A probationer's limited due process rights in connection with revocation proceedings . . . are . . . subject to both waiver [like any right, constitutional or otherwise,] and harmless error analysis"). The sentencing judge included a specific condition that the defendant remain "drug/alcohol free" in legible handwriting on the conditions signed by the defendant, and the judge marked a box labeled "substance abuse" on the form setting forth the conditions. The defendant asserts that this condition did not authorize the probation officer to require him to participate in random drug testing. The drug test was administered on January 4, 2011, the date of the defendant's first violation hearing. The order to submit to a single drug test was not a new and more punitive condition of probation, but simply a reasonable means of enforcing a term of probation established by the sentencing judge. See *United States* v. *Duff*, 831 F.2d 176, 178-179 (9th Cir. 1987). Contrast *Commonwealth* v. *Lally*, 55 Mass. App. Ct. at 603. The defendant also argues that he is entitled to relief because there was no evidence offered at the final hearing that the drug test was reliable. There is no force to this argument because the defendant admitted he had smoked marijuana within a month of the test. The defendant's further admission that he had a previous criminal case involving possession of marijuana continued without a finding provided the sentencing judge with a basis for imposing this condition of probation. Cf. *Commonwealth* v. *Gomes*, 73 Mass. App. Ct. 857, 859-860 (2009). Finally, with regard to the violation for nonpayment of the probation service fee, the record indicates that the defendant acknowledged he was over $600 in arrears at the time of the final hearing and had made only one monthly payment since September, 2010. Even if the probation department should have permitted him to make a lump sum payment of $360 on March 8, 2011, he was in violation of this condition of probation at the time of the final hearing, and this violation was a valid basis for an order of revocation. See *Commonwealth* v. *Pena*, 462 Mass. 183, 186 n.4 (2012).