On September 12, 2016, the defendant pleaded guilty to assault and battery by means of a dangerous weapon, witness intimidation, and two counts each of breaking and entering a building during the day with the intent to commit a felony, assault and battery on a family or household member, and violation of an abuse prevention order. He was sentenced to two and one-half years in a house of correction with six months to serve, the balance suspended for two years. His conditions of probation required him to, among other things, complete a certified batterer's intervention program (CBIP).
On November 29, 2016, a notice of probation violation issued alleging that the defendant (1) failed to attend a CBIP class; (2) failed to pay probation fees; and (3) committed a new criminal offense, namely, by failing to stay away from his mother-in-law. After a hearing, the judge found the defendant violated his probation. In his disposition, the judge added that the defendant failed to stay away from his wife as an additional ground for violation that was not included in the notice of probation violation.[2] The judge imposed the balance of the suspended sentence. The defendant appeals, alleging that the judge erred in making each of his four findings. We affirm in part, vacate in part, and remand for resentencing.
Revocation of probation. The defendant claims that the judge abused his discretion in finding that he violated his probation based on the three grounds contained within the notice of probation violation. "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge." Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014), citing Commonwealth v. Durling, 407 Mass. 108, 111-112 (1990). We determine that neither an error of law, nor an abuse of discretion occurred.
First, the defendant claims that a single missed CBIP class cannot constitute a violation of probation. We disagree. The notice of probation violation alleged that the defendant failed to attend one CBIP class on November 23, 2016. The defendant, through his attorney, stipulated to this fact during the final probation violation hearing.[3] A probation officer testified that the defendant "was terminated from the certified batterer's program," i.e., he did not complete it.[4] Furthermore, the judge stated that he knew "exactly where [he] was coming from when [he] gave this probation, and [he] wanted full compliance, strict compliance." Therefore, the judge's finding that the defendant "failed to attend or complete" the CBIP program was not in error (emphasis supplied). See Rubera v. Commonwealth, 371 Mass. 177, 180-181 (1976) ("Any conduct by a person on probation which constitutes a violation of any of the conditions of his probation may form the basis for the revocation of that probation").[5]
Second, the defendant claims error in the judge's finding that he failed to pay required probation fees, without specification as to which payments were missed. We disagree. As indicated in the notice of probation violation and as the probation officer testified at the probation violation hearing, the defendant owed ninety dollars for a victim witness fee and arrears of $130 for probation supervision fees. The defendant had advance written notice of, and an opportunity to dispute, the specific payments at issue and presented no evidence to contest them. See Durling, supra at 113. Instead, the defendant, through his attorney, stipulated to the missed payments during the hearing. The judge, in his probation violation finding and disposition, checked the box next to "[f]ailed to make the following payments," followed by a line that was left blank. Even without reference to the specific payments, missing any payments would have been sufficient to constitute a violation for which the defendant could have had his sentence reinstated. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 112.[6]
Finally, the defendant challenges the finding that the defendant committed a new crime, i.e., violating an active G. L. c. 209A order, because the judge improperly relied on hearsay evidence contained in Somerville police Officer Kim's testimony. The claim is without merit. Here, the judge indicated that he found this evidence sufficiently reliable because it was provided by a disinterested witness-Kim-and was provided in circumstances that support the veracity of the source. Compare Commonwealth v. Ortiz, 58 Mass. App. Ct. 904, 905 (2003).
The defendant does not dispute that Kim was disinterested. See Commonwealth v. Henderson, 82 Mass. App. Ct. 674, 678-679 (2012). Instead, the defendant claims that the statements were unreliable because they were provided by the victim who, he argues, was not disinterested. The victim's statements, however, were not the sole evidence supporting the violation of probation finding. Kim testified to his firsthand knowledge of responding to the victim's 911 call and his independent corroboration of the victim's report by confirming that the c. 209A order was active at the time. He was also subject to the defendant's cross-examination. The judge explained on the record that he found Kim to be credible. See Commonwealth v. Hartfield, 474 Mass. 474, 484 n.8 (2016). In these circumstances, a preponderance of the evidence established that the defendant had committed a new crime. Compare Ortiz, supra at 905-906.
Stay away. In addition to the three probation violations, discussed supra, that we determine were established and justified revoking the defendant's probation, the judge also noted a fourth: the defendant's failure to stay away from his wife. Because the defendant never received notice of this alleged violation and there was no evidence introduced to support it, the judge erred in making this finding. The Commonwealth agrees.
Conclusion. So much of the order revoking probation that finds the defendant violated his probation due to failing to stay away from his wife is vacated, and in all other respects the order is affirmed. The sentence is vacated and the matter is remanded for resentencing in accordance with this memorandum and order.[7]
So ordered.
Vacated in part and remanded; affirmed in part.

The defendant was ordered to stay away from both his mother-in-law and his wife.

At the hearing, the defendant argued and elicited testimony from the probation officer that he was at a "supervised meeting" at the Department of Children and Families. No evidence was introduced supporting this. It was within the judge's discretion to assess the credibility of and weigh the defendant's admission.

This was because the defendant missed four total classes. The judge only considered the November 23 class for purposes of the violation.

The defendant also claims that the Commonwealth was required to introduce the terms and conditions of probation in order to satisfy its burden. We disagree. The defendant cites no authority in support of his claim and, rather, asserts that the requirement "logically follows" because there must be proof of what condition the defendant violated. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, the conditions that the defendant were alleged to have violated were provided to the defendant in the notice of probation violation. Moreover, the judge was free to take judicial notice of the docket, which contained the necessary information. See Jarosz v. Palmer, 436 Mass. 526, 530 (2002). Finally, the judge who conducted the probation violation hearing was the original sentencing judge, and he was aware of the conditions he imposed. See Rubera, supra at 180.

The defendant also appears to claim that his probation revocation was in error based on Bearden v. Georgia, 461 U.S. 660 (1983), and Commonwealth v. Henry, 475 Mass. 117 (2016). First, Henry is not applicable here because (1) the missed payments at issue were probation fees, not restitution payments, which involve different considerations, and (2) the judge was not "initially setting the ... amount" owed. Henry, supra at 122. Second, unlike in Bearden, the defendant was not "incarcerated solely because of inability to pay a fine." Commonwealth v. Gomes, 407 Mass. 206, 212 (1990), quoting from Santiago v. United States, 889 F.2d 371, 373 (1st Cir. 1989). Rather, his original sentence was reinstated for three independent probation violations.

In light of this disposition, we express no opinion as to whether a different sentence should be imposed.