A Superior Court judge revoked the defendant's probation and imposed sentence after finding that the defendant violated his probation by committing new offenses of assault and battery, assault by means of a dangerous weapon (ADW), and mayhem, and by failing to verify participation in mental health treatment.[2] The defendant appeals, arguing that the findings of violations were based on unreliable hearsay and otherwise flawed. We conclude that the hearsay was substantially reliable, but we agree that the findings of violations based on the defendant committing an ADW and failing to verify his mental health treatment were in error. We shall therefore vacate the judge's order and remand for further proceedings consistent with this memorandum and order.
Standard of review. Because the victim of the defendant's attack exercised her privilege against self-incrimination and did not testify at the probation violation hearing, the judge based her findings of new offenses on a transcript of the victim's testimony at an earlier dangerousness hearing pursuant to G. L. c. 276, § 58A, and other documents. Accordingly, we review the judge's findings without deference. See Commonwealth v. Tremblay, 480 Mass. 645, 654-655 (2018).
Reliability of hearsay. The defendant argues that the § 58A hearing testimony was unreliable hearsay. When hearsay is the only evidence of a probation violation, it "must be substantially reliable." Commonwealth v. Durling, 407 Mass. 108, 118 (1990). To evaluate whether the § 58A testimony was substantially reliable, we turn to the factors listed in Commonwealth v. Patton, 458 Mass. 119 (2010). They include:
"(1) the level of factual detail, rather than generalized and conclusory assertions; (2) whether the statement is based on personal knowledge and direct observation; (3) whether the statement is corroborated by evidence submitted by the probationer; (4) whether the statement was provided under circumstances that support the veracity of the source; and (5) whether the statement was provided by a disinterested witness."
Id. at 132-133.
The judge found the § 58A testimony to be substantially reliable because it was made close in time to the events in question and it was corroborated. We agree. The victim testified at the § 58A hearing and named the defendant as her assailant only four days after her assault.[3] Her testimony was corroborated by her prior statements -- also naming the defendant as her assailant -- to hospital personnel, to a police officer at the hospital,[4] and in her own G. L. c. 209A complaint and affidavit filed the day after the assault.[5] That the victim repeated her version of events with consistency over several days weighs in favor of its reliability. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 134 (finding child victim's hearsay statement credible based in part on her "ha[ving] repeated its details with consistency several times over four days"); Commonwealth v. Janovich, 55 Mass. App. Ct. 42, 46 (2002).
Several other Patton factors similarly weigh in favor of the testimony's reliability. The victim provided a factually detailed account, based on "personal knowledge and direct observation." Patton, 458 Mass. at 133. The testimony was also given under oath and subject to cross-examination. See ibr.US_Case_Law.Schema.Case_Body:v1">id. (reliability depends in part on "whether the statement was provided under circumstances that support the veracity of the source"). Although the victim had previously provided some inconsistent accounts concerning past incidents of abuse by the defendant,[6] and her § 58A testimony about the assault at issue differed in one particular from earlier accounts,[7] these discrepancies do not negate the substantial reliability of her § 58A testimony.[8]
Assault and battery. We agree with the judge that, based on a preponderance of the evidence, see Commonwealth v. Holmgren, 421 Mass. 224, 227 (1995), the defendant violated his probation by committing an assault and battery. The defendant does not argue that any elements of assault and battery were not met here; he argues only that there is insufficient evidence that he was the perpetrator. Based on the victim's substantially reliable testimony, we conclude otherwise.
Mayhem. We also agree that the defendant committed mayhem. The defendant's argument on this point is that there was no evidence that he possessed a "malicious intent to maim or disfigure," as required by the mayhem statute, G. L. c. 265, § 14. We disagree.
Malicious intent may be shown by "direct or inferential proof that the assault was intentional, unjustified, and made with the reasonable appreciation ... that a disabling or disfiguring injury would result." Commonwealth v. Davis, 10 Mass. App. Ct. 190, 196 (1980). Intent can "be inferred from the severity and extent of the injuries." Commonwealth v. Hap Lay, 63 Mass. App. Ct. 27, 36 (2005).
The evidence shows that the defendant entered into a physical altercation with the victim that resulted in tearing her earlobe. The defendant argues that because the victim's earlobe was already in a weakened state and was thus prone to injury from mere negligence, malice cannot be inferred. But the victim's earlobe was visibly vulnerable.[9] It was reasonably appreciable that a disfiguring injury would result if the defendant were to strike her ear. The victim testified that the defendant attacked her from behind, hit her in multiple places, and "ripped" her ear. From this evidence we can infer that the defandant inflicted the ear injury maliciously rather than negligently and thus committed mayhem.
Assault with a dangerous weapon. The defendant asserts that there is no evidence he committed an ADW. We agree. Although the Commonwealth alleged before the § 58A hearing that the defendant had kicked the victim with a shod foot and there was evidence that the victim was kicked, there was no evidence of a shod foot. Therefore it was error to find that the defendant violated his probation based on having committed an ADW.
Verification of mental health treatment. The defendant argues that his alleged failure to verify his mental health treatment was not a valid basis to find him in violation of probation. Because verification was not a requirement of his probation, we agree. The probation conditions required the defendant to submit to "evaluation and treatment for mental health issues," but they did not require him to submit verification of having done so. Although the Commonwealth is correct that a probation officer may adopt "a reasonable means of enforcing a term of probation established by the sentencing judge," such means do not themselves constitute a "condition of probation." Commonwealth v. Bynoe, 85 Mass. App. Ct. 13, 23 n.12 (2014).[10] A "defendant is in violation of his probation only if he disobeys the conditions of probation imposed by the sentencing judge." Commonwealth v. MacDonald, 435 Mass. 1005, 1007 (2001). Therefore it was error to find that the defendant violated his probation by failing to verify his mental health treatment.
Conclusion. Because we have upheld some but not all of the violations found by the judge, and because "not every violation requires revocation," the matter must be remanded for the judge to consider the appropriate disposition.[11] Commonwealth v. Arroyo, 451 Mass. 1010, 1011 (2008). To do otherwise "would effectively, and improperly, supplant the judge's opportunity to exercise [her] discretion, on appropriate evidence, in the first instance." Id.
Accordingly, the order revoking probation and imposing sentence is vacated and the matter is remanded for further proceedings consistent with this memorandum and order.
So ordered.
Vacated and remanded.

The defendant was originally placed on probation after he was convicted of various offenses, including unlawful possession of a loaded firearm and two counts of assault and battery on a public employee. After being found in violation of his probation, the defendant's probation was revoked and he was sentenced to several concurrent two-year house of correction terms and to one concurrent ninety-day house of correction term.

The defendant notes that immediately after her assault, the victim told ambulance personnel a different story: that she was attacked by an unknown assailant. However, the victim credibly addressed this inconsistency in her § 58A testimony, explaining that she and the defendant had agreed on this story so that he would call an ambulance and get her medical attention.

The defendant asserts that the police officer's testimony at the § 58A hearing was insufficiently reliable because it merely recounted what the victim had told him. The defendant cites Commonwealth v. Ortiz, 58 Mass. App. Ct. 904, 906 (2003), and Commonwealth v. King, 71 Mass. App. Ct. 737, 741 (2008). Here, however, unlike in those cases, the officer's statement was not the primary evidence of probation violations, but instead served mainly to corroborate the victim's own testimony about the violations.

We note that although the c. 209A complaint lists August 21, 2016, as the date of the incident, the victim in her supporting affidavit wrote July 21, 2016, for the date of the incident and July 22, 2016, for the date she signed the affidavit, rather than August 22, 2016; the Commonwealth explains that the victim made a mistake and the defendant does not argue otherwise.

In 2015, the victim had told the defendant's probation officer that a past instance of abuse sparked by an argument over an iPad, based on which she obtained a G. L. c. 209A order, "never happened." She also gave some inconsistent accounts regarding when that argument took place and what injuries she sustained.

The victim told ambulance and hospital personnel that she had not lost consciousness during that assault, but she stated otherwise at the § 58A hearing. Considered in the context of the evidence as a whole, this does not raise a significant question of reliability as to her testimony identifying the defendant as the attacker. The defendant also makes much of the victim's statement to a defense investigator, shortly before the final probation violation hearing, that she had told police and medical personnel "what [she thought] they wanted her to say," and that she "might have lied, [she's] not even sure," in her c. 209A affidavit describing that attack. The victim's statement stopped well short, however, of withdrawing her repeated statements that the defendant had attacked her.

Contrary to the defendant's suggestion, the admissibility of substantially reliable hearsay does not depend on whether or when a judge determines that the declarant is unavailable. See Commonwealth v. Calvo, 41 Mass. App. Ct. 903, 904 (1996). In any event, the judge here determined that the victim had a valid privilege against self-incrimination and would not be required to testify. This was effectively a determination of unavailability. See Commonwealth v. Canon, 373 Mass. 494, 499-500 (1977), cert. denied, 435 U.S. 933 (1978).

Before her injury, the victim had worn one-inch "gauges" in her ears. The evidence showed that a gauge is a circular object that is inserted into a hole in the earlobe; the one-inch gauge substantially stretched the victim's earlobe and, when removed, left a sizeable hole and a thin perimeter of earlobe tissue. The victim's ear had also been injured some months prior to the assault at issue. We recognize the contradictory evidence regarding the cause of that earlier injury; the victim had told hospital workers that her daughter had hit her ear, but at the § 58A hearing she testified that the defendant had done so. Regardless of the cause of that earlier injury, it was plain that the ear was prone to further injury.

In Bynoe, this court upheld a probation officer's authority to require a drug test, as a means of enforcing a probation condition requiring the probationer to remain "drug/alcohol free," but the probationer was not charged with having violated probation by refusing to take such a test, nor did we imply that he could have been found in violation on that basis. Bynoe, 85 Mass. App. Ct. at 23 n.12.

We express no opinion as to whether probation should be revoked or the sentence should be changed.