NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1077

COMMONWEALTH

vs.

DARIUS J. FOSTER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a hearing in the Boston Municipal Court (BMC), the defendant, Darius J. Foster, was found to have violated the probationary conditions of two prior continuances without a finding. On appeal he argues that the judge who presided at the violation hearing (hearing judge) abused his discretion in determining that hearsay evidence introduced at the hearing was "substantially reliable." We affirm.

Background. In 2023, the defendant was charged in the BMC with one count of willful and malicious destruction of property in excess of $1,200, and one count of willfully disturbing a correctional institution. On June 25, 2024, a BMC judge[1]

---

[1] The plea judge was not the hearing judge.

continued both counts without a finding and placed the defendant on administrative probation for one year.

Just over one month later, on August 9, 2024, the defendant was arrested and charged with one count of assault and battery on a family or household member.  On August 12, 2024, the BMC probation department issued a notice of probation violation and hearing notice to the defendant.  On September 3, 2024, the hearing judge held an evidentiary hearing at which Boston police officer Dennis Moore was the sole witness.  Officer Moore testified that at approximately 6:55 P.M. on August 9, 2024, he responded to a "domestic violence" call involving "an altercation between two men in the hallway" at a specific address.  Officer Moore responded to the house and saw two brothers who "looked like they had a disagreement."  The first brother "wanted to get his belongings and leave," and subsequently did so.  The second brother was identified as the defendant.[2]

"A short time after that," officers received a "9-1-1" call regarding a physical altercation between a mother and son at the same location.  The responding officers, including Officer

---

[2] Officer Moore testified as to "how aggressive the [defendant] was during our first altercation" with him.  Viewed in context it appears that Officer Moore was referencing the defendant's conduct toward the officers during their initial interaction with him.

2

Moore, returned to the scene and spoke to the mother who told them that she had been sitting on the couch when her son -- the defendant who was the second brother from the prior altercation -- had become belligerent and attempted to "head-but[t] her." The defendant then "grabbed her by the feet and dragged her off the couch, causing her to hit her head on the floor." Officer Moore did not observe injuries on the victim.

At the close of the hearing, the hearing judge found that Officer Moore's hearsay testimony was substantially reliable. Further, on a probation violation and disposition form he checked boxes indicating that he found the hearsay evidence "substantially reliable" as it was based on "personal knowledge and/or direct observation," involved observations recorded close in time to the events in question, was provided by a disinterested witness, was factually detailed, and was internally consistent. The hearing judge then revoked the continuances without a finding, entered guilty findings on the charges, and imposed a split sentence of six months in the house of correction with time deemed served and the balance suspended for a new probationary period. The defendant appealed therefrom.

Discussion. Relying on Commonwealth v. Ortiz, 58 Mass. App. Ct. 904, 906 (2003), the defendant claims that Officer

3

Moore's recounting of the alleged violation was solely based on mere repetition of statements made by the victim, and that such statements were not substantially reliable.  We disagree.

"The standard of proof in a probation revocation proceeding is the civil standard of preponderance of the evidence rather than the criminal standard of beyond a reasonable doubt." Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001).  See Commonwealth v. Kelsey, 464 Mass. 315, 324 (2013).  On appeal, we consider

> "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the defendant] had violated the specified conditions of his probation; and whether the basic due process goals, of providing 'fair treatment' to the probationer and an accurate basis for determining whether revocation was proper, were achieved."

Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).  We review for an abuse of discretion.  See Commonwealth v. Bukin, 467 Mass. 516, 521 (2014).

Where the sole evidence submitted to prove a violation of probation is hearsay, the proffered hearsay must have "substantial indicia of reliability" (citation omitted). Commonwealth v. Costa, 490 Mass. 118, 124 (2022).  See Commonwealth v. Durling, 407 Mass. 108, 118 (1990) (due process requires that "when hearsay is offered as the only evidence of the alleged violation [of a condition of probation], the indicia of [the hearsay's] reliability must be substantial").  "[T]he

4

judge should set forth in writing or on the record why the judge found the hearsay evidence to be reliable." Commonwealth v. Hartfield, 474 Mass. 474, 485 (2016). Factors a judge may consider in assessing the reliability of hearsay include

> "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Id. at 484.

Unlike Ortiz, 58 Mass. App. Ct. at 906, where the judge "made no findings" as to the "trustworthiness and reliability of the officer's hearsay testimony," the judge in the present case found on the record that the hearsay evidence was "substantially reliable." He based this finding on numerous corroborating factors. First, the victim's hearsay statements were made in the immediate aftermath of Officer Moore's return to the apartment, following a 911 call and the investigation of the prior altercation between the defendant and his brother. See Costa, 490 Mass. at 124-125 (noting that complainant reported events that she had personally experienced close in time to alleged pattern of abuse). Second, the altercation between the defendant and the victim occurred at the same location as the

5

prior altercation where (a) the officers had just responded due to the disruption, (b) the defendant had been "aggressive" in his interactions with the officers, and (c) the brother had been assisted by police officers in leaving the scene in an Uber. See note 2, supra. Third, the hearing judge found the victim's statements to be factually detailed and internally consistent. See Costa, supra at 125-126. The record supports these findings.

In short, the timing, detail, and circumstances present here provided substantial corroboration and context to the proffered hearsay testimony. No parallel corroboration existed in Ortiz, 58 Mass. App. Ct. at 905-906. In these circumstances, we discern no abuse of discretion in the hearing judge's determination that the hearsay evidence was substantially reliable and that a probation violation occurred. Accordingly,

the order revoking probation and imposing sentence is affirmed.

So ordered.

By the Court (Neyman,
Ditkoff & Englander, JJ.[3]),

*Paul Little*

Clerk

Entered:  September 29, 2025.

---